SAMUEL, Judge.
This suit, arising out of an automobile collision, was instituted by Henry J. LeBre-ton, owner and driver of one of the auto *59 mobiles involved, individually and as administrator of the estate of his minor daughter, for property damages to his car, personal injuries to himself and to his minor daughter, loss of earnings by his wife and medical ■expenses incurred as a result of the accident, Mrs. LeBreton, wife of the driver, for personal injuries, and Mr. LeBreton’s insurance carrier for their portion of the -damages to the plaintiff automobile. The •defendant, owner and driver of the other ■car involved, reconvened against Mr. Le-Breton and the insurer for property damages to his car. There was judgment in the trial court dismissing all plaintiff claims and awarding damages as prayed for in the reconventional demand. All plaintiffs have appealed.
The accident occurred about 5:10 p. m. on the Air Line Highway in the Parish of Jefferson at the intersection of Giuffrias Street. Traffic was heavy, visibility was good and the roadway was dry. At this intersection the highway is a 6 lane thoroughfare, separated by a neutral ground, with 3 lanes reserved for traffic traveling west, or towards Baton Rouge, and 3 lanes reserved for traffic traveling east, towards New Orleans. Both drivers, especially Le-Breton who lived in the neighborhood, were familiar with the highway at the intersection.
Defendant was traveling east on the highway in the direction of New Orleans. When he reached Giuffrias Street he stopped his vehicle near the neutral ground with the intention of making a left-hand turn into, and crossing the westbound portion of the highway on, Giuffrias. He waited for several minutes for an opening before attempting to cross. Such an opening occurred when traffic in the two westbound lanes closer to the neutral ground stopped for a signal light 2 or 3 blocks above the scene of the accident and vehicles in those lanes just below the intersection also stopped thus forming two lines of stopped traffic above and below the intersection and leaving enough room for the defendant to pass through and cross. The driver of the first two stopped vehicles in each lane below the intersection signaled to the defendant to cross and he proceeded to do so, driving slowly at approximately 10 miles per hour.
At this time the plaintiff car, with Mrs. LeBreton and the child as passengers, was proceeding in the direction of Baton Rouge in the outside westbound lane, that is the lane farthest from the neutral ground. The defendant car safely negotiated the first two lanes of traffic but upon entering the third lane it was struck on the right side by the front of the plaintiff car. Mr. and Mrs. Le-Breton and the child were injured in the collision.
The defendant testified that he did not see the plaintiff vehicle until a split second before the impact. Mr. LeBreton testified that he saw the defendant vehicle for the first time when it was in the act of crossing the middle westbound lane. The speed of the plaintiff vehicle is in dispute; Mr. Le-Breton testified that he was traveling at the rate of 25 miles per hour and other evidence, particularly a police report, indicates that he was traveling 40 miles per hour. Our conclusion is that the speed of the Le-Breton car was 40 miles per hour. The record does not establish the maximum speed permitted by law.
The defendant worked for a local brewery, received “take-home” pay of $80.00 per week, owned his home which was mortgaged, and was not covered by liability insurance at the time of the accident.
We are of the opinion that both drivers were guilty of negligence which was a proximate cause of the accident and neither can recover. Sullivan v. Locke, La.App., 73 So.2d 616; Schroeder v. Mounes, La.App., 52 So.2d 67.
The views of both drivers were obstructed by the lines of stopped cars. While the plaintiff driver did have the right-of-way, he was not thereby relieved of the duty to make proper observation and use extra precaution. He was, or should have been, *60 placed on his guard by the stopped lines of traffic to his left but despite this fact he proceeded at a speed too high under the circumstances. Every motorist is required to operate his vehicle with due regard to existing conditions, to take into proper consideration any unusual traffic situation and to travel at a speed not in excess of that which a reasonably prudent driver would use under the same circumstances. Stewart v. Lowe, La.App., 140 So.2d 231; Dyck v. Maddry, La.App., 81 So.2d 165; Harris v. Travelers Indemnity Co. of Hartford, Conn., La.App., 70 So.2d 235.
The negligence of the defendant driver is also clear. The operator of a motor vehicle executing a left turn has the responsibility of making certain that he can do so in safety and without danger or undue delay to oncoming traffic; he must refrain from making the turn unless and until the way is clear and the burden rests heavily on him to show that he was free from negligence. LSA-R.S. 32:235(A); Liddell v. New Orleans Public Service, Inc., La.App., 128 So.2d 80; Bouwell v. Marquette Casualty Co., La.App., 125 So.2d 168; Thomas v. Attison, La.App., 125 So.2d 511; Hinton v. Beyl, La.App., 122 So.2d 680. This rule is especially applicable under the dangerous circumstances in the instant case.
There is no suggestion of negligence on the part of Mrs. LeBreton or, of course, on the part of the child. Consequently, they are entitled to recover from the defendant for the injuries received by them in the accident.
Mrs. LeBreton, a registered nurse, sustained contusions of the left arm, a contusion of the left hip, a contusion of the frontal area of the skull, and an abrasion and contusion of the right knee. She had intermittent headaches for several days and did not perform her customary work for 3 days. She saw a doctor on the day following the accident and was discharged 3 weeks later. There is no evidence that she received any medical treatment but, in view of the fact that she was a registered nurse, she was capable of treating herself to some extent. We are of the opinion that an award of $500.00 would be adequate.
The child, Virginia, who was 7 years of age at the time of the accident, received a laceration to her forehead which bled to some extent.. The bleeding was stopped with the application of pressure and no stitches were required. She was nervous, for about a month after the accident and missed school for several days. Her parents testified that she had frequent headaches which continued to the time of the trial. But it was stipulated by counsel for both sides that Virginia had been examined by a neurosurgeon during the week prior to the trial and that the examination disclosed she had no injuries which could be related to the accident. She was seen by her pediatrician two days after the accident and his complete physical examination was negative at that time. In addition to the above mentioned neurological examination, she was seen by her pediatrician about 8 or 9 times after the accident and prior to the trial but only for routine child examinations and with no indication of any residual from the collision injury. We are of the opinion that Virginia’s injury was superficial or minor and an award of $250.00 would be adequate.
For the reasons assigned, the judgment appealed from, only insofar as it awards the damages prayed for in the reconventional demand and dismisses the claims for personal injuries to Mrs. Aida LeBreton and the child, Virginia Maria, is annulled, avoided and reversed. Accordingly, it is now ordered that there be judgment, on the reconventional demand, in favor of the defendants in reconvention, Henry J. Le-Breton and Allstate Insurance Co., and against plaintiff in reconvention, Joseph G. Ballanga, Jr., dismissing said reconven-tional demand. It is further ordered that there be judgment in favor of the plaintiff, Mrs. Aida LeBreton, and against the defendant, Joseph G. Ballanga, Jr., in the full sum of $500.00, together with legal interest thereon from date of judicial demand until *61 paid. It is further ordered that there be judgment in favor of the plaintiff, Henry J. LeBreton, as administrator of the estate of his minor daughter, Virginia Maria Le-Breton, and against the defendant, Joseph G. Ballanga, Jr., in the full sum of $250.00, together with legal interest thereon from date of judicial demand until paid. In all other respects the judgment appealed from is affirmed; costs in this court to be paid by the defendant-appellee.
Affirmed in part; reversed in part