GLADNEY, Judge.
Plaintiff seeks to recover for personal injuries resulting from an automobile collision on November 2, 1961, in Shreveport. Named defendant is The Fidelity and Casualty Company of New York, liability insurer of Rountree Oldsmobile and Cadillac Company, owner of the vehicle which collided with that operated by plaintiff. The trial court found the sole proximate cause of the collision to be the negligence of the driver of the automobile covered by defendant insurance company and rendered judgment for plaintiff. Defendant appeals.
*269 The issue presented on appeal is whether the sole proximate cause of the collision was the negligence of the driver of the automobile insured by defendant in failing to have his headlights on.
On November 2, 1961, at about 6:15 P.M., Henry H. Holmes, driver of the automobile insured by defendant, was proceeding south in a Chevrolet on Linwood Avenue at about twenty to twenty-five miles per hour. At that time plaintiff, Ola Mae Cook, accompanied by Mrs. Inez Holley, was proceeding north on the same street in a Corvair automobile owned by Mrs. Holley’s husband. Linwood Avenue is a four-lane thoroughfare in the City of Shreveport, consisting of two lanes for northbound traffic and two lanes for southbound traffic. Both vehicles were in the inside ■ lanes. It was dark and there was a heavy rain at the time.
Plaintiff and Mrs. Holley testified they intended to turn left into the parking lot of a drug store; that plaintiff turned the blinkers on, indicating her intention to turn left; that she came to a complete stop and waited for several cars to pass; that she had just begun to turn left when she was struck by Holmes’ automobile; that Holmes did not have his headlights on, and that they did not see his car until just before it struck theirs. The impact occurred as the center front of the automobile driven by Holmes struck the right front of the Corvair driven by plaintiff. Holmes testified he first noticed the Corvair as it was traveling north on the inside lane of Linwood; that it was not brought to a stop at any point; that he saw no indication of the driver’s intention to turn left, and that he didn’t know whether or not he had his headlights on. Maynard R. Young-blood was driving a Ford north on Linwood Avenue some distance behind the Corvair in the same lane. The impact between Holmes’ vehicle and the Corvair knocked the latter automobile into the inside northbound lane where it was struck by Young-blood’s Ford. Youngblood testified the Corvair slowed down to turn left but did not stop; that Holmes did not have his headlights on and that it was dark and raining heavily.
Defendant argues plaintiff was under a duty to ascertain that a left turn could be executed safely before attempting such a maneuver and submits the negligence of Holmes in operating his vehicle without lights at night was not a proximate cause of the collision because plaintiff, by exercising the proper degree of care, could have or should have observed the unlighted vehicle. It is true that a motorist making a left turn is under the duty of first ascertaining by careful observation that such a maneuver can be executed safely. Sharp v. Travelers Indemnity Company, La.App., 122 So.2d 833 (1st Cir. 1960). There is some evidence that Linwood Avenue was well lighted at the time. However, we think the sole proximate cause of the collision was the negligence of Holmes in operating •his vehicle without lights after dark and during a heavy rain. We cannot say plaintiff was contributorily negligent in failing to observe Plolmes’ unlighted vehicle under such circumstances. Our careful consideration of all the conditions existing at the time and place of the accident leads us to conclude there is no manifest error in the determination of the trial court as to the cause of the collision.
The amount of recovery allowed plaintiff for her personal injuries by the trial court is not at issue on appeal and it does not appear to be inequitable. Accordingly, the judgment from which appealed is affirmed at appellant’s cost.