153 So.2d 128 (1963)
Nat DESORMEAUX, Plaintiff and Appellant,
v.
CONTINENTAL INSURANCE COMPANY, Defendant and Appellee.
No. 831.
Court of Appeal of Louisiana, Third Circuit.
May 14, 1963.
*129 Donald Soileau, Mamou, for plaintiff-appellant.
Lewis & Lewis, by Seth Lewis, Sr., Opelousas, for defendant-appellee.
Before SAVOY, FRUGE and HOOD, JJ.
HOOD, Judge.
This is an action for damages for the wrongful death of Mrs. Hattie Guillory Desormeaux, resulting from a motor vehicle collision which occurred in Mamou, Louisiana, on May 12, 1960. The suit was instituted by Nat Desormeaux, surviving husband of the decedent, against Continental Insurance Company, the public liability and property damage insurer of Berthward Deshotels, who was the owner and driver of one of the cars involved in the collision.
A companion suit arising out of the same accident was instituted by Continental Insurance Company, as the collision insurer and subrogee of Deshotels, against Nat Desormeaux, and the two cases were consolidated for the purpose of trial. See Continental Insurance Company v. Nat Desormeaux, La.App. 3 Cir., 153 So.2d 131.
After trial on the merits, the trial judge concluded that the drivers of both vehicles were guilty of negligence proximately causing the accident, and that the plaintiff in each suit was barred from recovery because of contributory negligence. Judgment was rendered in each case rejecting the demands of the plaintiff therein, and the plaintiff in each such suit has appealed.
The accident occurred during the noon hour at the intersection of Sixth and Elm Streets in a residential section of the town. The Deshotels automobile, while being driven in a northerly direction on Sixth Street, collided with plaintiff's automobile which was then being driven in a southerly or southeasterly direction by plaintiff's wife, Mrs. Hattie Guillory Desormeaux, now deceased. Immediately prior to the accident plaintiff's car had been parked on the west side of Sixth Street, facing south, at a point a few feet north of this intersection. Shortly before the collision occurred Mrs. Desormeaux started her car from its parked position and drove it in a southeasterly direction into the intersection, directly in front of the approaching Deshotels car. She obviously had intended to make either a left turn or a U-turn at that crossing. The collision occurred in the northeast quadrant of the intersection, the front of the defendant's car striking the right front of the Desormeaux vehicle. Mrs. Desormeaux was killed almost instantly as a result of the accident.
The trial judge concluded that defendant Deshotels was negligent in exceeding the speed limit and in failing to maintain a proper lookout, and that his negligence in those particulars was a proximate cause of the accident. The speed limit at the scene of the accident was 25 miles per hour. Deshotels testified that he was driving between 25 and 30 miles per hour when the accident occurred, that he saw plaintiff's car parked on the west side of Sixth Street when he was about 150 feet from it, that plaintiff's car was not moving at that time, and that he did not see that car again until the moment of the impact. The evidence shows that the cars were badly damaged as a result of the accident. The force of the blow caused the vehicle being driven by the decedent to be knocked backwards, in a northwesterly direction, a distance of from 15 to 35 feet from the place where the collision occurred, while plaintiff's car continued to travel in about the same direction it had been travelling, across a ditch, and finally coming to rest in a vacant lot from 60 to 75 feet northeast of the point of impact. These facts indicate that the Deshotels car was being driven at a faster rate of speed than that which the driver concedes, and the testimony of the defendant himself establishes that he was not maintaining a proper lookout. We think the evidence supports the conclusion reached by the trial judge that defendant Deshotels was negligent, and that his negligence *130 was a proximate and contributing cause of the accident.
The trial judge further found that the decedent, Mrs. Desormeaux, also was guilty of negligence proximately causing the accident. The evidence establishes that she started her car from its parked position in front of her home, that she began her left turn sometime after the car had started to move forward, and that the collision occurred when she reached a point about 35 feet from the place where her car had been parked. Although there is no testimony as to the exact distance the decedent was from the Deshotels car when she began her left turn, the evidence does establish that she did not move her car until the Deshotels vehicle was within 150 feet of her. At that time, of course, she was north of the intersection and defendant was south of it, and, considering the width of the intersecting street and the place where the decedent's car had been parked, we think defendant could not have been more than 100 feet from the intersection when the Desormeaux car first began to move. Defendant was driving at a faster rate of speed than Mrs. Desormeaux could have been driving, since she was just starting her car, and it is logical to conclude that defendant had reached a point very close to the intersection by the time the decedent arrived at the crossing and began her left turn. Under those circumstances, we think it should have been obvious to Mrs. Desormeaux that the left turn which she attempted could not be made in safety. Prior to the accident Mrs. Desormeaux had lost the use of her right eye completely and the vision in her left eye was somewhat impaired in that she was nearsighted. Her imperfect eyesight may explain why she apparently did not observe defendant's approaching car sooner, but regardless of the reasons for her actions, the facts are clear that she did turn to her left at that intersection directly in front of defendant's oncoming car when the latter was about to enter that intersection.
The law places a responsibility upon the driver of a car desiring to make a left turn to ascertain before attempting to do so that such a maneuver can be made safely and without danger or undue delay to overtaking or oncoming traffic. He must refrain from making a left turn unless the way is clear, and if a collision occurs while he is attempting such a maneuver, the burden rests heavily on him to show that he was free from negligence. Washington Fire & Marine Insurance Company v. Firemen's Insurance Company, 232 La. 379, 94 So.2d 295; LeBreton v. Ballanga, La.App. 4 Cir., 146 So.2d 58 (Cert, denied); U.S. Fidelity & Guaranty Co. v. Bergeron, La.App. 1 Cir., 148 So.2d 162; Deshotels v. United States Fire Insurance Company, La.App. 3 Cir., 132 So.2d 504 (Cert. denied); Gaspard v. Lemaire, La.App. 3 Cir., 146 So.2d 467; Sonnier v. Great American Insurance Company, La.App. 3 Cir., 134 So.2d 363.
In this case, we think the evidence clearly supports the conclusion reached by the trial judge that Mrs. Desormeaux was negligent in attempting to make a left turn when it should have been obvious to her that such a turn could not be made safely.
Plaintiff, however, relying alternatively on the doctrine of last clear chance, contends that the defendant should have discovered the decedent's position of peril in time to have avoided the accident. As we have pointed out, although the evidence does not show with any degree of exactness how far defendant was from the decedent when the latter began her left turn, it indicates that the two cars were only a relatively short distance apart when that maneuver was begun, and it is not apparent from the evidence that the defendant could have stopped had he been observing the other car.
The jurisprudence is settled to the effect that a plaintiff relying on the doctrine of last clear chance bears the burden of establishing the facts which are essential to *131 make that doctrine applicable, and that such facts must be proved and will not be presumed. Campisi v. The Fidelity and Casualty Company of New York, La.App. 3 Cir., 152 So.2d 88; Franicevich v. Lirette, 241 La. 466, 129 So.2d 740; Phares v. Biggs, La.App. 2 Cir., 135 So.2d 507 (Cert. denied).
In this case we think, as did the trial judge, that plaintiff has failed to establish that Deshotels could have avoided the accident even if he had observed the decedent making the left turn as soon as it was possible for him to do so.
In our opinion, the trial judge correctly held that the drivers of both vehicles were negligent, that the negligence of each was a proximate and contributing cause of this tragic accident, and that because of this contributory negligence the plaintiff in each suit is barred from recovery.
For the reasons herein assigned, the judgment appealed from is affirmed. All costs of this appeal are assessed to the plaintiff-appellant.
Affirmed.