CHRIS T. BARNETTE, Judge pro tem.
This is a suit for property damages arising out of an automobile accident. The trial court found that defendant was negligent and awarded plaintiff a judgment for $241.81. The trial judge’s written reasons are as follows:
“The Court is of the opinion that Whiteman misjudged the distance of the approaching Griffin car and made a left turn when he was not safely able to do so.”
Defendant instituted a reconventional ■demand which has been abandoned. This appeal is taken by defendant from the judgment of the trial court.
The accident occurred at about 2:30 p. m., on June 18, 1961. Plaintiff, Lloyd Griffin, Jr., was traveling away from New Orleans on the River Road on the east bank of Jefferson Parish at approximately 20 to 25 miles an hour. The defendant, Albert W. Whiteman, was traveling in the opposite direction on the River Road and, upon reaching the intersection of Pope Street and River Road, attempted to execute a left turn across the plaintiff’s path. It was at this point, in the plaintiff’s lane, that the accident occurred.
Plaintiff testified that the defendant gave no turn signal and did not stop before beginning the left turn. The defendant, on the contrary, claims that he did give a signal indicating his intention to turn left and had come to a full stop immediately prior to his attempt to cross the lane in which tlie plaintiff was traveling. The acceptance of either version by this Court will result in the same decision.
The jurisprudence of Louisiana abounds with the statement that a left turn is one of the most dangerous maneuvers a motorist can make. A person desiring to make a left turn has the duty to yield the right of way to all vehicles approaching from the opposite direction unless the turn can be executed without creating a hazard. LSA-R.S. 32:122, Acts 1962, No. 310, § 1. Defendant was clearly negligent in beginning his left turn when plaintiff’s vehicle was so close that the accident was unavoidable. Desormeaux v. Continental Insurance Company, 153 So.2d 128 (La.App. 3rd Cir. 1963); LeBreton v. Ballanga, 146 So.2d 58 (La.App. 4th Cir. 1962). Whiteman has shown no negligence on the part of Griffin.
The only question on appeal is one of fact, and we find no manifest error in the judgment of the trial court. The judgment appealed from, awarding Lloyd Griffin, Jr., the stipulated amout of $241.81 for property damage, is affirmed at appellant’s cost.
Affirmed.