BOLIN, Judge.
Plaintiffs, husband and wife, seek damages for personal injuries received by the wife and for related expenses incurred by the community allegedly resulting from a collision between the vehicle driven by Mrs. Beasley and that driven by Mrs. Barbara Pate. Among the parties made defendant was State Farm Mutual Automobile Insurance Company under an “uninsured motorist” provision of a policy issued to plaintiff by defendant company. From judgment against State Farm and in favor of Mrs. Beasley for $5,000 and rejecting the husband’s demands, only defendant insurance company appeals.
The facts are so convincingly clear to> this court that we shall only briefly relate our findings. The collision occurred at the intersection of Midway Street and Hearne Avenue in the City of Shreveport. Midway is a four-lane street running east and west with a yellow line separating the-flow of traffic in opposite directions. *221 Hearne Avenue is a four-lane boulevard with a wide grassy or neutral ground dividing the two main arteries. Traffic is controlled at the intersection by a standard electric semaphore signal light with the colors of green, red and amber.
Mrs. Pate was driving a car east on Midway with the intention of turning left on Hearne Avenue and proceeding north. Mrs. Beasley was driving the family automobile west on Midway with the intention of crossing the intersection and continuing west. As both motorists entered the intersection the light was green. Mrs. Pate stopped her car momentarily while in the neutral area of Hearne Avenue and waited for at least one car to clear the intersection. She testified she saw the Beasley car coming at a moderate rate of speed but thought she had time to make the left turn. Without giving any signal, she started her left turn and her car was struck by the oncoming Beasley automobile. Mrs. Beasley testified when she first realized the Pate car was going to turn left in her path she was too close to avoid the collision.
Louisiana Revised Statute 32:122 provides :
“The driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to all vehicles approaching from the opposite direction which are within the intersection or so close thereto as to constitute an immediate hazard.”
In interpreting the above provision and other similar laws and ordinances our courts have consistently held that a motorist attempting a left turn is required to exercise a very high degree of care. He should not attempt the left turn unless he has taken every reasonable precaution to insure that same can be made without endangering approaching motorists. We find Mrs. Pate has not discharged the duties imposed upon her by law and was negligent in making the left turn under the facts related herein.
 We find no merit in State Farm’s alternative plea of contributory negligence. The burden is upon one urging this plea to sustain it and the evidence in this case shows Mrs. Beasley was driving her car at a moderate speed, keeping a proper lookout and was free from fault.
Having found Mrs. Beasley free from fault, it necessarily follows the further plea that Mrs. Pate had pre-empted the intersection has not been proved.
Left for consideration is the question of whether an award of $5,000 to Mrs. Beasley for her personal injuries was so excessive as to constitute an abuse of the trial judge’s discretion under Louisiana Civil Code Article 1934(3).
Mrs. Beasley was 19 years of age at the time of the accident and was employed as a telephone operator. Dr. Westbrook, her treating physician, saw and treated her on the day of the accident and thirteen times thereafter during a period of approximately four months. He diagnosed her physical condition as “acute myoligamentous sprain of the cervical spine, occipital neuralgia and traumatic cervical arthritis.” He concluded that as a result of the traumatic arthritic condition she had suffered approximately five percent permanent residual disability of the body as a whole.
Mrs. Beasley was examined by two neurosurgeons of Shreveport, Dr. Philip Bonn and Dr. Heinz K. Faludi. We do not consider the findings of these experts to be in serious conflict with those of Dr. West-brook.
We conclude the lower court did not abuse its discretion in awarding Mrs. Beasley $5,000 for her personal injuries.
The judgment appealed from is affirmed at appellant’s cost
Affirmed.