BARHAM, Judge.
Plaintiff, John Faulkner, brought this suit for property damage and personal injury resulting from an intersectional automobile collision. The trial judge found both motorists negligent, dismissed plaintiff’s demands, and from this judgment plaintiff has appealed.
Faulkner, approximately 70 years of age, was proceeding easterly on Pierremont Avenue approaching the intersection with Fern Street in Shreveport. He entered an offset lane, provided for left turning vehicles, preparatory to executing a left turn into Fern Street. This intersection is controlled by a traffic light which indicates, in order, green, amber and red. Plaintiff’s testimony is that the light was green as he approached the intersection; that he saw no traffic approaching; that he proceeded to make his left turn and only observed defendant’s automobile when it was ten feet from his truck. Mr. Faulkner looked only once to clear traffic and only once to observe the traffic light as he approached the intersection. He believed the traffic light to be green as he made his turn and that other traffic should, or would, yield to him.
The defendant, Mrs. Malloy, was proceeding westerly on Pierremont at the speed of thirty-five miles per hour, or in excess thereof. Her testimony is that she saw the green light change to amber, or caution, and accelerated in order to clear the intersection and cross Fern Street. The defendant further testified that she did not observe any left turn signal or indication by Faulkner, and when he turned left in front of her she could neither stop nor avoid the collision. Defendant could see the intersection from a distance in excess of one hundred fifty feet, but she testified that preceding traffic blocked her view so that she first saw the plaintiff’s vehicle at a distance of approximately one hundred fifty feet and plaintiff had not begun his left turn then nor had he begun negotiating the turn when she was only fifty feet from the intersection.
Plaintiff testified he did not see any other approaching traffic, nor did he see the Malloy vehicle until it was ten feet from him, although he could observe oncoming traffic for a distance also in excess of one hundred fifty feet.
*102 The front end of the Malloy automobile struck the right front of Faulkner’s truck. The point of impact was established as being in the center of the outside or the north lane for westbound traffic on Pierre-mont and in the intersection with Fern Street.
Two witnesses in two other automobiles testified that when defendant entered the intersection the traffic light was red or stop for all traffic on Pierremont. The trial court found that defendant was negligent by reason of speed, acceleration to clear the intersection on a changing traffic signal, and in failing to stop for the red or stop signal. We readily concur in this conclusion.
The trial judge further concluded that the plaintiff was making a left turn on red as the defendant attempted to clear the intersection’ while the traffic light was red for her and that the contributory negligence of the left turning vehicle barred recovery by plaintiff and that the doctrine of last clear chance was inapplicable.
Louisiana Revised Statute 32:122 provides :
“The driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to all vehicles approaching from the opposite direction which are within the intersection or so close thereto as to constitute an immediate hazard.”
“In interpreting the above provision and other similar laws and ordinances our courts have consistently held that a motorist attempting a left turn is required to exercise a very , high degree of care. He should not attempt the left turn unless he has taken every reasonable precaution to insure that same can be made without endangering approaching motorists.” Beasley v. Pate, La.App., 180 So.2d 219. See also Washington Fire & Marine Ins. Co. v. Firemen’s Ins. Co., 232 La. 379, 94 So.2d 295;. Castille v. Houston Fire & Cas. Ins. Co., La.App., 92 So.2d 137; Graves v. Riser, La.App., 62 So.2d 163; Day v. Roberts, La.App., 55 So.2d 316; Griffin v. Whiteman, La. App., 169 So.2d 639; Estes v. Hartford Accident & Indemnity Co., La.App., 187 So.2d 149.
“The decisions of this court, as well as those of the other appellate courts of this State, are replete with pronouncements to the effect that the duty of those in charge of the operation of motor vehicles to look ahead and observe traffic conditions never ceases and that they are charged with the duty of seeing what they should and could see by the exercise of due diligence, and their failure in that regard does not absolve them from liability.
“A left turn has often been characterized as one of the most hazardous maneuvers a motorist may undertake and which should only be attempted after the motorist has made reasonably certain, by proper observation, that the movement may be made in safety and without unduly affecting or obstructing the normal movement of overtaking and oncoming traffic. In making such maneuvers, a motorist is under the duty to be alert and observant, and to exercise due care and reasonable precaution.” Mock v. Savage, La.App., 123 So.2d 806. See also Bowers v. Hardware Mutual Casualty Co., La.App., 119 So.2d 671; Cook v. Fidelity & Casualty Co. of New York, La.App., 158 So.2d 268.
Plaintiff urges the doctrine of last clear chance or discovered peril as an alternative plea. The burden of proof is with the plaintiff to provide the evidence necessary to support the doctrine, namely: (1) that plaintiff was in a position of peril of which he was unaware, or from which he was unable to extricate himself; (2) that the defendant actually discovered, or was in a position where he should have discovered, plaintiff’s peril; and (3) that at the *103 time defendant could have, through the exercise of reasonable care, avoided the accident. Gisclair v. Security Ins. Co., 171 So.2d 483; Ballard v. Piehler, La.App., 98 So.2d 273; Phares v. Biggs, La.App., 135 So.2d 507.
The trial court made the proper determination of contributory negligence as a bar to recovery and in not applying the doctrine of last clear chance.
The judgment of the district court is affirmed and costs of this appeal are assessed to appellant.