SAMUEL, Judge.
Plaintiff instituted this suit for damages resulting from an intersectional automobile collision against the owner-driver of the other vehicle involved. Defendant answered, denying negligence on his part, averring the sole proximate cause of the accident was the negligence of plaintiff, and alternatively pleading contributory negligence. Defendant also reconvened for his damages. Following trial on the merits, judgment was rendered in favor of plaintiff on the main demand in the sum of $1,230 ($750 of which was for pain and suffering) and dismissing the reconven-tional demand. Defendant has appealed.
Testimony relative to the occurrence of the accident was given by the plaintiff, the defendant and William Boyer, the police officer who investigated the accident.
The accident occurred in the intersection of Benefit and Marigny Streets in the City of New Orleans shortly after 7 p. m. on July 30, 1968. The weather was clear. Plaintiff was proceeding on Benefit in an uptown or westerly direction; defendant was traveling in a southerly direction toward the river on Marigny. Benefit is the favored street; the intersection is controlled by a stop sign governing traffic on Marigny. The speed limits were 20 miles per hour on Marigny and 30 miles per hour on Benefit.
Plaintiff’s version of the accident is that she was traveling at a speed of between 15 to 30 miles per hour in the right lane of Benefit, a two-lane cement street. When she was approximately 50 to 150 feet from the intersection she saw the defendant vehicle stopped in obedience to the stop sign. When she was about 25 to 50 feet from the intersection the defendant vehicle suddenly drove off from his stopped position into her path of travel. She applied her brakes and blew her horn but it was too late to avoid the accident. The front of her car struck the back left side of the defendant vehicle.
Defendant’s version of the accident was that he stopped for the sign at Marigny Street and then proceeded into the intersection. His engine stalled after he had gone only about 4 to 5 feet into the intersection and the car rolled about 3 feet further. After unsuccessfully trying to start the engine he opened the door and put his foot out to push the vehicle across the street. At that time he heard a horn blow. He looked up, saw the approaching plaintiff automobile, jumped back in his car and again tried to start the engine, but plaintiff’s car struck his. He first saw the plaintiff vehicle when it was about one and one-half blocks from the intersection. His car was in the intersection 3 to 4 minutes.
The police officer testified the front end of the defendant vehicle was on the uptown river corner of Marigny and Benefit at an angle when he arrived and the plaintiff automobile had left 35 feet of tire marks.
*297 In this court defendant contends: (1) he had preempted the intersection; (2) plaintiff had the last clear chance to avoid the accident; and (3) alternatively, the award for pain and suffering is excessive.
The trial judge accepted plaintiff’s version of the accident as more plausible, a conclusion with which we agree. Under the facts of that version it is clear the accident was caused solely by the negligence of the defendant. Plaintiff, who was traveling at a legal speed on a favored street and who had seen the defendant vehicle stopped at a stop sign on the nonfa-vored street, had a right to rely on the belief that the defendant would remain, and defendant had the legal duty to remain, in his position of safety so as to permit a safe crossing of the intersection by plaintiff. Bell v. Duplessis, La.App., 150 So.2d 114.
Clearly, under the facts as found by the trial court and by us, defendant’s contentions relative to preemption and last clear chance are without merit. Out settled jurisprudence is that, in order to constitute preemption, entry into the intersection must be made sufficiently in advance of the approaching vehicle on the favored street to permit a safe crossing without requiring an emergency stop by such approaching traffic; the doctrine of preemption has no application to a motorist who rushes into the intersection just before the driver on the favored or right of way street arrives at the intersection. Roussell v. Strug, La.App., 225 So.2d 34; Gendusa v. Rabel, La.App., 212 So.2d 854; Danos v. Forsythe, La.App., 205 So.2d 821; Lucas v. Broussard, La.App., 197 So.2d 696; Hatfield v. Bernos, La.App., 182 So.2d 702; Messana v. Allstate Insurance Company, La.App., 182 So.2d 93; Musco v. General Guaranty Insurance Company, La.App., 181 So.2d 881; Smith v. Borchers, La.App., 138 So.2d 231; Gallioto v. Chisholm, La.App., 126 So.2d 63; Livaccari v. United Jewish Appeal, Inc., La.App., 126 So.2d 67.
Before the doctrine of last clear chance can be invoked the litigant relying thereon has the burden of establishing, by a clear preponderance of the evidence, three essential elements: (1) he was in a position of peril of which he was unaware or from which he was unable to extricate himself; (2) the person against whom the doctrine is invoked actually discovered, or by the exercise of reasonable care, caution and observation, should have discovered such position of peril; and (3) when the person against whom the doctrine is invoked discovered or should have discovered the peril he could have avoided the accident by the exercise of reasonable care. Glynn v. Duvernay, La.App., 217 So.2d 787; Goodman v. Southern Farm Bureau Cas. Ins. Co., La.App., 216 So.2d 881; Sittig v. Allstate Insurance Company, La.App., 216 So.2d 692; Richard v. Southern Farm Bureau Casualty Ins. Co., La.App., 212 So.2d 471; Kwong Lim Lee v. Allstate Insurance Company, La.App., 209 So.2d 516; Fletcher v. Berard, La.App., 198 So.2d 519; Vidrine v. American Employers Insurance Company, La.App., 189 So.2d 727; Burnett v. Marchand, La.App., 186 So.2d 383; Emmco Ins. Co. v. Employers Mut. Liabil. Ins. Co. of Wis., La.App., 150 So.2d 338. Under the facts of this case defendant was never in a position of peril prior to his entry into the intersection.
We also disagree with defendant’s third contention, that the award for pain and suffering is excessive. Plaintiff was taken to Touro Infirmary where she received emergency treatment to her right arm and leg. She was seen by Dr. William Fisher, an orthopedic surgeon, from August 2, 1968 until October 3, 1968 for moderate sprain of the low back, contusion of the back side and midportion of the right arm and a small contusion of the right knee. The doctor saw her on twenty occasions until her discharge on October 3, 1968. Treatment consisted of physiotherapy and medication. Her arm was swollen and a hard mattress was recommended for her back. She was employed as a barber’s *298 assistant and was unable to work for three weeks after the accident. The doctor was of the opinion she would have pain in the lower back in the future. Quite clearly, even to the extent of not requiring citations of other cases, the award of $750 for plaintiff’s injuries was not excessive. The question of whether the award is inadequate is not before us.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.