DOMENGEAUX, Judge.
This is a tort action arising out of a vehicular accident which occurred at about 2:15 A. M. on August 15, 1968 in Iberia Parish, Louisiana. The defendant Chester C. Haycock was engaged in driving his date (now wife) to her home following an evening spent together. He had been driving his 1957 Ford sedan on Louisiana Highway 14 in a westerly direction and was preparing to execute a left turn onto Louisiana Highway 329 when he was struck by the automobile of plaintiff Donald J. Bourque. Plaintiff had been driving east on Louisiana Highway 14. The collision resulted in the total loss of both automobiles and in personal injuries to the three persons involved, i.e. the plaintiff, the defendant and the defendant’s passenger, his wife. Fortunately these injuries were slight, being limited to bruises and minor abrasions. The plaintiff was admitted to a hospital but released later on that same day. The defendant received only out-patient care for a swollen arm and was never admitted to a hospital. Mrs. Haycock suffered minor bruises to her knees and insofar as is shown in the record received no professional treatment therefor.
Suit was filed by plaintiff praying for damages to compensate him for the loss of his automobile, personal injuries with resultant pain and suffering, medical expenses and lost wages. The defendant answered and reconvened seeking damages of the same nature.
At the trial plaintiff contended that the accident was caused solely by the negligence of defendant in that he drove his automobile into plaintiff’s lane of travel without warning or regard for plaintiff’s oncoming vehicle. Defendant on the other hand, attributed the accident solely to plaintiff’s negligence in speeding. He asserted that plaintiff was traveling well in excess of the 60 miles per hour speed limit and that his excessive speed probably caused him to lose control of his automobile while passing over some railroad tracks located some 60-150 feet west of the intersection. Defendant admitted that he was near the dividing line between the two lanes of the highway but insisted that he never left his proper lane of travel and that the collision occurred entirely in the westbound or defendant’s lane.
The trial court found the evidence to be in favor of plaintiff’s position and held for him, awarding him $2,562.00 in special damages and $300.00 in general damages. It considered the evidence regarding lost wages to be too speculative and therefore disallowed that claim. Defendant perfected an appeal to this court in which he abandoned his reconventional demand and seeks only to be absolved from liability. No issue is made on appeal of quantum and we therefore do not consider the adequacy of the award.
The defendant admits that it was his intention to execute a left turn at the inter *110 section in question from Louisiana Highway 14 onto Louisiana Highway 329. He further concedes that he had begun the actual execution of his turn, although in a most peculiar fashion. It is his testimony that he turned first to his right in order to swing into the left turn. Since he also testified that he was “right close” to the center line of the highway at the time of impact, we can only conclude that he had actually begun turning left before the collision.
At this point La.R.S. 32:122 becomes applicable. That statute reads as follows:
“The driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to all vehicles approaching from the opposite direction which are within the intersection or so close thereto as to constitute an immediate hazard. Acts 1962, No. 310, § 1.”
The interpretation put on that statute by our courts has placed a heavy burden on the automobilist desiring to make a left turn and if a collision occurs while he is so engaged, there arises a presumption of his negligence. Small v. Lyons, La.App., 198 So.2d 475; Desormeaux v. Continental Ins. Co., La.App., 153 So.2d 128; Doerle v. State, La.App., 147 So.2d 776; 22 La.Law Review, 474. Thus the burden of proof is shifted to the defendant to exonerate himself from the presumption of his negligence. We do not think that he has borne this burden.
As stated above, defendant’s testimony establishes that he had initiated his turning maneuver prior to the accident. His statements further indicate that he was not real.ly aware of plaintiff’s oncoming vehicle until it was on the railroad tracks. In this regard he failed to keep the proper lookout required by La.R.S. 32:122. Martin v. Weaver, La.App., 191 So.2d 744. In swerving slightly to his right when commencing his left turn maneuver, defendant was in violation of La.R.S. 32:101(2) which requires the approach for a left turn to be “in that portion of the right half of the roadway nearest the center line thereof * * Neither defendant nor his wife could remember his having given any sort of signal which would have indicated his intention to turn left at the intersection, and plaintiff specifically testified that defendant gave no such signal. This is in violation of La.R.S. 32:104 et seq.
Further weighing against defendant is the fact that nowhere in the record is there a statement either by himself or his wife that they actually saw plaintiff’s automobile come into their lane of travel, whereas plaintiff specifically testified that he saw defendant’s automobile enter his lane just prior to striking it. Also Mrs. Haycock testified that just before the accident she “* * * assumed that he was going to turn * * *” and screamed “No!” to the defendant, and the defendant corroborated her testimony in this regard. While not conclusive, there is certainly an indication that Mrs. Haycock felt at the time that should the defendant continue along his course of action, a collision would occur. Finally the testimony of all those who testified on the point was in accord that following the accident defendant’s automobile was located facing south toward Highway 329 and intruding in the eastbound or plaintiff’s lane some three to five feet.
Insofar as plaintiff’s contributory negligence is concerned, a review of the evidence fails to substantiate defendant’s allegations that plaintiff was speeding.
In view of the foregoing, and bearing in mind the oft-noted rule that a trial court’s findings on questions of fact may not be overturned on appeal in the absence of manifest error, we cannot accede to defendant’s allegations that the plaintiff failed to prove his case by a preponderance of the evidence and that the trial court’s conclusion that defendant’s automobile had intruded into plaintiff’s lane of travel was based on surmise and speculation.
*111 Accordingly the judgment of the trial court must he affirmed. All costs to be borne by defendant-appellant.
Affirmed.