GUIDRY, Judge.
This litigation arose as the result of an automobile accident which occurred when plaintiff’s vehicle was struck in the rear after having executed a right turn from a parking lot onto Main Street in the City of Alexandria.
Plaintiff, Edgar Cripps, Jr., instituted this suit against Robert Lee Kennedy, the driver of the vehicle which struck him, and Kennedy’s alleged insurer, Industrial Fire and Casualty Company (Industrial). Plaintiff also brought suit against his own insurer, American Employers Insurance Company (American) and his employer’s insurer, Royal Globe Insurance Companies (Royal Globe)[1], pursuant to the under insured motorist coverage provisions of their respective policies.
American and Royal Globe answered, denying liability to plaintiff alleging principally that he was guilty of contributory negligence. Industrial answered denying liability and further alleging that the policy of insurance which it had issued to Robert Lee Kennedy had been cancelled prior to the date of the accident.
A petition of intervention was filed by Maryland Casualty Company (Maryland), the workmen’s compensation insurer of plaintiff’s employer, Garrett Office Supply, seeking judgment for amounts theretofore paid to plaintiff and reserving the right to claim additional benefits.
Plaintiff filed a “MOTION TO APPOINT A CURATOR AD HOC” to represent defendant Robert Lee Kennedy, alleging that he had been unable to cite and serve the defendant with a copy of the petition in this matter. Pursuant to this motion, the court appointed an attorney to represent Kennedy-
On September 8, 1977, a trial was held before the judge alone, limited to the issue of insurance coverage under the policy of Insurance issued by Industrial to Robert Lee Kennedy. The trial judge determined that this policy of insurance had not been cancelled and was in effect on April 17, 1975.
A declinatory exception was filed on December 6, 1977 by the attorney appointed to represent Robert Lee Kennedy, alleging that the court was without jurisdiction in personam over the defendant. After a hearing this exception was referred to the merits.
Trial was held before a jury on December 7 and 8, 1977. The parties, except defendant Kennedy, entered into a stipulation in favor of Maryland, recognizing its subrogation rights under the Louisiana Workmen’s Compensation Act. The jury, through special interrogatories, returned a verdict finding defendant Kennedy guilty of negligence which was a proximate cause of the accident. The jury, however, found that the plaintiff, Edgar Cripps, was contributorily negligent in the operation of his automobile and that his contributory negligence was also a proximate cause of the accident. Accordingly, judgment was rendered in favor of all defendants and against plaintiff and intervenor rejecting all of their demands and further decreeing that plaintiff pay all costs.
On December 9, 1977, the court rendered judgment sustaining the declinatory exception which had been filed on behalf of the absent defendant, Robert Lee Kennedy.
Plaintiff’s application for new trial was denied for oral reasons assigned February 7, 1978. Plaintiff thereafter perfected a de-volutive appeal to this court, to which Industrial alone has submitted an answer.
*245 The issues presented on appeal are:
(1) Was plaintiff guilty of contributory negligence which was a proximate cause of the accident;
(2) Did defendant Kennedy have the last clear chance to avoid the accident;
(3) Did the trial court commit reversible error in inadvertently charging the jury twice concerning the statutory duty imposed on a motorist making a right hand turn (LSA-R.S. 32:101(1));
(4) Insurance coverage of Robert Lee Kennedy under the policy issued by Industrial; and,
(5) Quantum, if plaintiff is entitled to recovery.
The accident occurred at 2:42 P.M., April 17, 1975 in the City of Alexandria, Louisiana. Weather conditions were described as clear and dry. The collision took place on Main Street near its intersection with Cas-son Street. Main Street is a two-lane, one-way street, the direction of travel being from east to west.
The record reflects that immediately pri- or to the accident, plaintiff executed a right hand turn onto Main Street from a parking lot located north of and adjacent to Main Street. In negotiating this maneuver, plaintiff crossed the northernmost lane of travel and entered the southernmost or left lane of travel. After observing a traffic signal ahead, he decelerated and was thereupon struck from behind by the Kennedy automobile which was being driven in a westerly direction in the southernmost lane of Main Street. The record reflects that the Kennedy automobile was being driven at a rate of speed greatly in excess of the posted speed limit.
The first issue for our determination is whether the plaintiff was contributorily negligent in causing this accident.
When plaintiff entered directly into the left lane of travel upon executing a right-hand turn onto Main Street, he did so in violation of LSA-R.S. 32:101(1), which provides in pertinent part:
“The driver of a vehicle intending to turn at an intersection shall proceed as follows:
(1) Right turns. Both the approach for a right turn and a right turn shall be made as close as practicable to the right-hand curb or edge of the roadway. . ."
Additionally, the record reflects that plaintiff’s vehicle was struck approximately 48 feet from the point at which he entered the highway. This being uncontroverted we find applicable LSA-R.S. 32:124 which provides in part as follows:

“The driver of a vehicle about to enter or cross a highway from a private road, driveway, alley or building, shall . yield the right of way to all approaching vehicles so close as to constitute an immediate hazard."

LSA-R.S. 32:124 obviously grants a privilege of immediate use of the road to thru traffic on a highway and imposes a concomitant duty upon a driver making a right hand turn onto a highway (as did the plaintiff herein) to yield to vehicles already traveling on the road.
It is well settled that the primary duty of avoiding a collision rests with the driver of a vehicle entering a public highway from a secondary roadway, and such a driver is required to keep a lookout for vehicles upon the highway and to desist from entering until it is apparent to a reasonably prudent person that such can be done in safety. Duplechien v. McNabb, 260 So.2d 789 (La.App. 4th Cir., 1972); DiPaola v. Fernandez, 270 So.2d 893 (La.App. 4th Cir., 1972), reh. den. Jan. 15, 1973.
We have reviewed the record in this case in light of the cited sections of the Highway Regulatory Act and the jurisprudence interpretative thereof and conclude that there is ample evidence supportive of the jury’s determination that plaintiff was guilty of contributory negligence which proximately caused the accident.
The next issue to be considered is whether Robert Lee Kennedy had the last clear chance to avoid a collision with plaintiff’s vehicle. Testimony adduced at trial indicates that Kennedy was driving greatly in *246 excess of the posted speed limit and was apparently intoxicated at the time of the accident. Following the accident, his vehicle came to rest in such a position as to indicate that he had swerved to the right in an apparent attempt to ¿void the collision.
Before the doctrine of last clear chance can be invoked, the party asserting its application must establish by a clear preponderance of the evidence that, 1) he was in a position of peril of which he was unaware or from which he was unable to extricate himself; and, 2) the party against whom the doctrine is to be invoked actually had discovered, or by the exercise of reasonable care should have discovered such position of peril, and COULD HAVE AVOIDED THE ACCIDENT by the exercise of reasonable care. Deo Garcias v. Collins, 236 So.2d 295 (La.App. 4th Cir., 1970) and authority cited therein.
Under the facts of this case, we conclude that at the point at which Kennedy realized, or with the exercise of reasonable care should have discovered that plaintiff’s vehicle would violate his right-of-way, he could not by the exercise of reasonable care have avoided the accident. The only reasonable actions which a person in his position could take would be to apply his brakes and swerve away from the preceding vehicle. The record reflects that both measures were attempted by Kennedy prior to the accident, but were unsuccessful in preventing the collision. We find, therefore, that Kennedy did not have the last clear chance to avoid this accident.
The next question before us is whether the trial court committed reversible error when it charged the jury twice on the statutory duty imposed on a motorist making a right hand turn. We find that, in light of the totality of facts produced at trial, such an inadvertent statement did not so prejudice the jury as to give rise to reversible error.
In light of our conclusion with regard to the first three issues presented, it is not necessary that we consider the question of quantum or coverage under the insurance policy issued to Robert Lee Kennedy by Industrial.
For the above and foregoing reasons the judgment appealed from is affirmed at appellant’s costs.
AFFIRMED.
WATSON, J., dissents being of the opinion that the doctrine of last clear chance is applicable.

. Plaintiff alleged that he had been acting within the course and scope of his employment at the time of the accident.