401 So.2d 565 (1981)
Margie GIBSON and Darlene Gibson, Individually and on Behalf of her Minor Child, Terrance Gibson, Plaintiffs-Appellants,
v.
J. D. FISHER, Jr.; Suzanne Fisher; and the Travelers Insurance Company, Defendants-Appellees.
No. 8156.
Court of Appeal of Louisiana, Third Circuit.
June 30, 1981.
Rehearing Denied August 13, 1981.
Lester J. Gauthier, Lafayette, for plaintiffs-appellants.
Pugh & Boudreaux, Donlon Pugh, Lafayette, for defendants-appellees.
Before CUTRER, STOKER and BIENVENU,[*] JJ.
CUTRER, Judge.
This is a suit for damages arising out of an automobile collision. Margie Gibson, Darlene Gibson and Terrance Gibson seek damages for personal injuries sustained in the collision from the defendants, J. D. Fisher, Jr., Suzanne Fisher, and their liability insurer, Travelers Insurance Company (Travelers). Travelers filed a reconventional demand against Margie Gibson for the amount paid to Mr. Fisher under the collision provisions of its policy. The trial court held that the accident was caused solely by the negligence of Mrs. Margie Gibson and *566 denied the plaintiffs' claims. The trial court rendered judgment on Travelers' reconventional demand against Mrs. Gibson and awarded the amount of $2,779.82. From this judgment the plaintiffs have perfected this appeal. We affirm.
On August 6, 1979, during daylight hours, Margie Gibson was driving her 1970 Mercury automobile northerly on University Avenue, a four-lane thoroughfare in Lafayette, Louisiana. Darlene Gibson and her son, Terrance Gibson, were guest passengers in the Gibson automobile. At approximately the same time, Mrs. Suzanne Fisher was driving her Cadillac automobile in a southerly direction on University Avenue. As Mrs. Gibson approached the intersection of University Avenue and St. Landry Street, which is controlled by a traffic signal, she slowed to stop as the light was red. After the light turned green, Mrs. Gibson proceeded to turn left onto St. Landry Street. Before Mrs. Gibson completed her turn, Mrs. Fisher's vehicle, approaching the intersection from the opposite direction, collided with the Gibson vehicle. The trial court held that "the negligence which was the sole cause of the accident was the act of the plaintiff, Margie Gibson, in turning across the traffic lane of the approaching defendant."
The plaintiffs contend the court erred in four respects: (1) In denying the claims of Margie Gibson; (2) in denying the claims of Darlene Gibson and her minor son, Terrance Gibson, guest passengers in the vehicle driven by Margie Gibson; (3) in failing to apply the doctrine of last clear chance; and (4) in granting judgment in favor of Travelers against Margie Gibson. All of these contentions can be resolved by determining whether the trial court erred in holding that the accident was caused solely by the negligence of Margie Gibson and whether the doctrine of last clear chance is applicable.
The driver of a vehicle intending to turn left bears the responsibility of yielding the right-of-way to vehicles approaching from the opposite direction which are so close as to constitute an immediate hazard. LSA-R.S. 32:122.[1] Our courts have consistently held that a motorist attempting a left turn is required to exercise a very high degree of care. He should not attempt the left turn unless he has taken every reasonable precaution to insure that the turn can be made without endangering approaching motorists. Casimere v. Ryder Truck Rental, Inc., 324 So.2d 855 (La.App. 4th Cir. 1975), writs den., 329 So.2d 453 (La.1976); Bourque v. Haycock, 243 So.2d 108 (La.App. 3rd Cir. 1971); Beasley v. Pate, 180 So.2d 219 (La.App. 2nd Cir. 1965).
Such a left turning motorist, when involved in a collision, is burdened with a presumption of liability for the accident. He must show he was free from negligence to avoid the imposition of liability. Dunn v. Snyder, 388 So.2d 450 (La.App. 2nd Cir. 1980); Bennett v. U. S. Fid. & Guar. Co., 373 So.2d 1362 (La.App. 1st Cir. 1979), writ den., 376 So.2d 1269 (La.1979); Washington Fire & Marine Ins. Co. v. Firemen's Ins. Co., 232 La. 379, 94 So.2d 295 (1957).
Mrs. Gibson stated that she was stopped at the red light on the inside lane facing north preparing to turn left. At the same time, a car was stopped in the inside lane facing south. As the light turned green, the driver of the car facing south signaled her to proceed with her left turn. She turned left but never saw the Fisher car until it struck her car.
Mrs. Fisher testified that she was proceeding south on the outside lane of University Avenue at a speed of 30 to 35 miles per hour. As she approached the intersection in question, the light was green and as she started into the intersection, Margie Gibson suddenly turned left in front of her. Mrs. Fisher stated that she applied her brakes immediately but could not stop before striking *567 the Gibson car. Mrs. Fisher stated that she could not veer to the left as traffic was in the left lane. She could not turn right as a utility pole was located on the corner to her right. Mrs. Fisher's automobile struck the Gibson vehicle immediately behind the right front door.
An employee of a service station at the intersection, who witnessed the accident, corroborated Mrs. Fisher's testimony. In its reasons for judgment, the trial court correctly disposed of the issue of negligence as follows:
"... the testimony in this Court apparently again uncontradicted is that Margie Gibson did, in fact, left turn across a traffic lane in a heavily trafficked area that she did not see approaching traffic until the moment of impact. It, therefore, appears to the Court that she did not maintain a proper lookout, and that she did not properly execute a left turn, and that she did not make sure it could be done safely before attempting to make the same. She should have seen the approach of the Fisher automobile, but she did not. Accordingly, the Court finds that the negligence which was the sole cause of the accident was the act of the plaintiff, Margie Gibson, in turning across the traffic lane of the approaching defendant....."
The plaintiff's contention that the doctrine of last clear chance applies is without merit. The essential elements of the doctrine of last clear chance were discussed in Deo Gracias v. Collins, 236 So.2d 295 (La.App. 4th Cir. 1970), as follows:
"Before the doctrine of last clear chance can be invoked the litigant relying thereon has the burden of establishing, by a clear preponderance of the evidence, three essential elements: (1) he was in a position of peril of which he was unaware or from which he was unable to extricate himself; (2) the person against whom the doctrine is invoked actually discovered, or by the exercise of reasonable care, caution and observation, should have discovered such position of peril; and (3) when the person against whom the doctrine is invoked discovered or should have discovered the peril he could have avoided the accident by the exercise of reasonable care."
See also: Cripps v. Kennedy, 364 So.2d 243 (La.App. 3rd Cir. 1978), writs den., 366 So.2d 917 (La.1979). The party relying on the doctrine of last clear chance bears the burden of proof of establishing the facts which are essential to make that doctrine applicable and such facts must be proved and will not be presumed. Desormeaux v. Continental Insurance Company, 153 So.2d 128 (La.App. 3rd Cir. 1963). The essential prerequisites of the doctrine of last clear chance have not been established in this case. The plaintiff failed to establish the existence of the second and third elements of the doctrine.
The trial court rendered judgment dismissing the plaintiffs' main demand and granting judgment in favor of the defendant, Travelers Insurance Company, on the reconventional demand. Our review of the record convinces us that the trial court judgment was clearly correct.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed against the plaintiffs-appellants.
AFFIRMED.
NOTES
[*] Judge C. Thomas Bienvenu, Jr., Sixteenth Judicial District Court, Parish of St. Martin, participated as Judge Ad Hoc in this decision.
[1] LSA-R.S. 32:122 provides:

"The driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to all vehicles approaching from the opposite direction which are within the intersection or so close thereto as to constitute an immediate hazard, Acts 1962, No. 310, § 1.