171 So.2d 708 (1965)
Charles E. DEAN, on his own behalf and on behalf of his minor children, Margaret Dean and Lauren Dean,
v.
TRAVELERS INSURANCE COMPANY.
No. 1695.
Court of Appeal of Louisiana. Fourth Circuit.
February 8, 1965.
Jerome P. Halford, Metairie, for plaintiff-appellee.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Pat. W. Browne, Jr., and Frank C. Allen, Jr., New Orleans, for defendant-appellant.
Before SAMUEL, CHASEZ and BARNETTE, JJ.
CHRIS T. BARNETTE, Judge pro tem.
Plaintiff, Charles Dean, filed suit against his own automobile insurer on his own behalf and on behalf of his minor daughters, Margaret Dean and Lauren Dean. The purpose of the suit was to recover damages for personal injuries that they sustained while riding as guest passengers in an automobile being driven by Harriet Dean, wife of Charles Dean and mother of Margaret and Lauren.
After a trial the District Court found that Mrs. Dean was negligent and rendered judgment awarding $700.00 to Mr. Charles Dean individually and $5,000.00 to Charles Dean, for the use and benefit of his minor daughter Margaret Dean. No mention is made in the judgment of the demands on behalf of Lauren Dean. The judgment included an award for expert witness fees and expenses totaling $219.00 which were taxed as costs. *709 From this judgment the defendant has appealed. Plaintiff Dean individually and on behalf of Margaret Dean, minor, has answered the appeal seeking an increase in the award of damages on his own behalf and on behalf of his minor daughter Margaret. No mention is made of his minor daughter Lauren. We assume the action on her behalf is abandoned.
This suit arises from an automobile accident which occurred on the afternoon of September 1, 1962, on Louisiana Highway 988 approximately two and a half miles north of the town of Plaquemine, Louisiana. An afternoon drizzle had wet the surface of the two-lane, blacktopped road. Immediately prior to the accident Mrs. Dean was driving in a northly direction with Mr. Dean and their daughters as passengers in the vehicle. At the scene of the accident there is a settlement, and there were automobiles parked close to the roadway on both the west and east shoulders of the road. The automobile which Mrs. Dean was driving was straddling, to some extent, the center line of the highway. At this point a small child ran into the road from behind one of the cars parked on the west side of the road. Upon seeing the child Mrs. Dean swerved the car to the right in an effort to avoid hitting the child. The child ran into the side of the vehicle at a point between the driver's seat and the front fender. Mrs. Dean then lost control of the automobile and it ran off the right side of the road, through a fence, and came to rest against a utility pole.
There is no seriously contested question of fact important to the decision of this case. State Trooper Jackson shed little light on the facts pertinent to the issue of negligence. Mrs. Dean was unable to testify with certainty as to her speed prior to the accident or whether or not she released the steering wheel after colliding with the child. Mr. Dean's contribution will be best illustrated by a quote from the trial court's reasons for judgment:
"Mr. Charles E. Dean testified in part as follows:
"`a colored girl ran out from the left side of the road and the wife turned the car to miss her and she ran into the side of the car and when she hit the side of the car my wife released the wheel of the car and said "or my goodness" or something to that effect. I don't remember the exact words. We went across the road into a ditch and over a culvert, a driveway and up out of the ditch and into a utility pole.'
"The Court was impressed with the testimony of Mr. Dean.
"The Court is of the opinion that Mrs. Dean was negligent in releasing her hold on the steering wheel."
We find no manifest error in the trial court's finding of fact that Mrs. Dean released the steering wheel after colliding with the child and therefore accept that finding.
No negligence has been shown on the part of Mrs. Dean prior to the collision. It has not been established that she was driving at an unlawful rate of speed and the fact that the vehicle was straddling the center line of the highway seems reasonable in light of the absence of approaching vehicles and the automobiles which were parked on both shoulders of the road.
The present case is of the type that is commonly characterized as falling within the scope of the doctrine of sudden emergency. This characterization lends little or nothing to the determination of negligence and in no way modifies the standard tests. Sudden emergency is certainly no absolute defense and we must still ask the question: Was the conduct in question reasonable under the circumstances? At most, reference to "sudden emergency" serves to emphasize "under the circumstances."
Mrs. Dean was presented with a situation which allowed her little time for thought; her decisions had to be made and *710 executed instantaneously. She is not to be held to the same high standard as one who is able to survey the alternative courses of action in a calm and unhurried atmosphere. She must act reasonably under the circumstances. The emotional reaction of Mrs. Dean causing her to lose completely the control of the automobile might have been the normal reaction for Mrs. Dean when confronted with an unexpected and sudden emergency, but this does not excuse her if it was not also the reaction to be expected of a person of reasonable self-control. Measured by this standard we must find Mrs. Dean negligent. It was unreasonable for Mrs. Dean to release the steering wheel and abandon the operation of the vehicle. We quote from the case of Hunter v. American Employers Insurance Co., 153 So.2d 588 (La. App. 4th Cir.1963):
"The duty of the driver of a motor vehicle to be on the alert and to act prudently is unceasing. Negligent conduct may not be excused because the motorist becomes unduly panicky or uses judgment not compatible with common sense. We agree with the pertinent remarks made by the Supreme Court of Massachusetts in Massie v. Barker, 224 Mass. 420, 113 N.E. 199:
"`The law does not require supernatural poise or self-control. But no one safely can drive motor vehicles amid the distractions and dangers likely to be encountered on the modern highway and street who is not reasonably steady of nerve, quick in forming an opinion and calm in executing a design. * * *'"
This Court agrees with the trial court's finding of negligence.
Plaintiff strenuously argues that the quantum of damages is inadequate. Defendant, on the contrary, argues that the award was excessive. After reviewing all the facts and circumstances on which the lower court based the quantum of award, we find no abuse of the "much discretion" vested in the trial court in assessing damages. LSA-C.C. art. 1934; Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64 (1964); Gaspard v. LeMaire, on rehearing, 245 La. 239, 158 So.2d 149 (1963).
The judgments appealed from are affirmed at defendant-appellant's cost.
Affirmed.