GULOTTA, Judge.
In this appeal defendant seeks to be absolved from negligence by reliance upon the doctrine of “sudden emergency”.
The trial judge, in well-considered and well-written reasons for judgment, stated:
“The evidence shows Nolan Jones, the plaintiff herein, was proceeding on Airline Highway in the direction of Baton Rouge. He was in a line of cars that had come to a stop to allow an unidentified automobile to turn left. That vehicle, according to other testimony, made a U-turn on Airline Highway and proceeded toward New Orleans. Defendant, Francis Fontenot, Jr., was coming from Baton Rouge headed to New Orleans at approximately 65 miles an hour when the unidentified vehicle made a U-turn in front of him. He hit his brakes, swerved right then left, hit the median and went into the air, struck the front of plaintiff’s vehicle pushing it backward and causing it to strike the vehicle behind it.
“Keith Hayes, a passenger in the plaintiff’s vehicle and the plaintiff’s nephew, testified that when he first saw defendant’s vehicle it was a distance approximate to the distance from the front door to the rear door of the courthouse (175 feet), and that defendant’s auto was out of control at that time. He then ducked after warning plaintiff and the impact occurred shortly thereafter. Mr. Albert Jones, an independent witness also saw the unknown vehicle making the U-turn. His testimony is that the unknown vehicle and the defendant’s vehicle were approximately 150-225 feet away from each other when he first saw them. He also testified that the defendant’s vehicle was out of control from the time he first saw it until the impact.
“The Defendant testified that he struck the median because he was out of control. He further testified at the time of the accident that he had been driving but one month and had never been confronted with a situation of this nature and he may have panicked and lost control of his car. It is the contention of the defense that this accident was unavoidable, as young Fontenot was unable to do anything to avoid the accident. Yet the testimony belies that argument as it clearly indicates that virtually any other course of action except the one that Fon-tenot took would have prevented an automobile accident. His testimony is that there were no automobiles on the right shoulder of the road and that just prior to impact, the phantom U-turning vehicle was down the Airline Highway and headed on its way to New Orleans. This automobile accident would not have happened had young Francis Fontenot kept his vehicle under proper control. It is the first and primary obligation of a driver of a motor vehicle in the State of Louisiana to at all times have his vehicle under proper control and to at all times be able to react effectively to unpredictable and untoward circumstances. The law does not require Francis to take the best course of action to remove himself from a position of peril, but it requires him to act as a reasonable man under the circumstances in which he is in and the first requirement of those circumstances is to maintain control of his automobile. * * This Francis Fontenot did not do and his failure to maintain control is the sole and proximate cause of the accident. * * *
“Mr. Jones suffered a fractured skull, according to Dr. Guevara, the attending *622 physician, in addition to a contusion of the nose, a lacerated eyelid and a whiplash type injury to the neck in the C-6 area. X-rays showed spurring which may have delayed recovery but pre-existed the accident. In the opinion of this Court, THIRTY-FIVE HUNDRED DOLLARS and No Cents ($3,500.00) for Plaintiff’s pain and suffering is both fair and equitable for this type injury.
The record supports the factual conclusions reached by the trial judge. Applying the jurisprudence on the doctrine of “sudden emergency”,[1] we conclude that Fontenot, when faced with the U-turning automobile, reacted below the standard of care required for a reasonable driver under the circumstances. Accordingly, we conclude that defendant cannot avail himself of the doctrine of “sudden emergency”.
We further find no merit to defendant’s contention that the $3,500.00 general damage award is excessive. As pointed out by the trial judge, plaintiff suffered a fractured skull, laceration of the eyelid, contusion of the nose and injury to the left shoulder, resulting in a three-month disability.
We do find, however, as claimed by defendants, that the trial judge erred in awarding a $50.00 “appearance fee” to the investigating police officer. The testimony of this officer, who was accepted by the trial judge as an expert in accident investigation, consisted of a narrative based on statements of witnesses and on observations made by the officer at the scene of the accident. This officer’s testimony was no different from that of any other law enforcement officer investigating an accident. Under the circumstances, we conclude this witness is not entitled to be paid an expert witness fee taxed as costs. See our recent decision in Welton v. Falcon, 341 So.2d 564 (La.App. 4th Cir. 1976).
We are in agreement further with defendant’s contention that the-$100.00 expert witness fee awarded to the treating physician is excessive. In the course of the deposition taken at his office, the doctor indicated that a fee of $75.00 for his testimony would be reasonable. Under the circumstances, we conclude that a fee in an amount greater than the value set by the expert is excessive.
Accordingly, that part of the judgment awarding a $50.00 expert witness fee to the accident investigating police officer is reversed and set aside. That part of the judgment awarding the $100.00 expert witness fee to the treating physician is reduced to the sum of $75.00. In all other respects, the judgment is affirmed.
REVERSED IN PART; AMENDED IN PART; AND AS AMENDED, AFFIRMED.

. Hickman v. Southern Pacific Transport Company, 262 La. 102, 262 So.2d 385 (1972); Dean v. Travelers Insurance Company, 171 So.2d 708 (La.App. 4th Cir. 1965); Hunter v. American Employers Insurance Co., 153 So.2d 588 (La. App. 4th Cir. 1963), writ refused, 244 La. 1017, 156 So.2d 225 (1963).