GULOTTA, Judge.
Plaintiff’s action grows out of a truck-automobile accident. Defendant Frank W. Wright appeals from a judgment against him in favor of plaintiff and from the dismissal of plaintiff’s demand and Wright’s third party demand against a codefendant, Ernest Lewis. Wright complains of the trial court’s failure to find that Lewis’s negligence was the sole cause of the damage. Quantum is not in issue.
The accident occurred on Old Gentilly Road, a street consisting of two westbound and two eastbound traffic lanes. Plaintiff’s truck was traveling on the inside eastbound lane (closer to the center of the street) and was following a vehicle driven by defendant Ernest Lewis. The Lewis vehicle executed a left turn across the westbound lanes of traffic in front of the Wright vehicle, traveling in a westerly direction in the right or outside lane of Old Gentilly Road. The plaintiff truck continued traveling in an easterly direction. In an attempt to avoid striking the left-turning Lewis vehicle, Wright swerved his automobile to the left and struck plaintiff’s vehicle.
In reasons for judgment, the trial judge concluded that Wright’s failure to reduce his 35-mile-per-hour speed upon first observing the eastbound Lewis vehicle turning left at an approximate distance of 200 feet in front of him constituted negligence which was the proximate cause[1] of the accident.
On appeal, defendant Wright seeks to exonerate himself from liability by claiming that he was placed in a sudden emergency by the Lewis vehicle which turned approximately 100 feet from his oncoming automobile. According to Wright, his actions — reducing his speed and swerving to the left— were reasonable under the circumstances and resulted in the unavoidable striking of plaintiff’s oncoming truck.
We do not agree. The record supports the trial court’s conclusion that the Lewis vehicle executed a left turn across the two westbound traffic lanes of Old Gen-tilly Road at an approximate distance of 200 feet in front of the approaching Wright vehicle, which was traveling at a speed of 35 miles per hour. For reasons unexplained by defendant Wright, no attempt to reduce speed or take evasive action was made by Wright until he had traveled an approximate distance of 100 feet. The trial judge observed that this inordinate delay in responding to the slow-moving, left-turning Lewis vehicle constituted negligence on the part of Wright which proximately caused the accident. In the absence of manifest error, we will not disturb the trial judge’s finding. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Dyson v. Gulf Modular Corporation, 338 So.2d 1385 (La.1976).
“ * * * I would be inclined to believe that and I feel that the real cause of this accident is not the left turning vehicle but the failure to be vigilant in controlling of the vehicle on the part of the driver of the Cutlass, Mr. Wright ... * * *”
It is true, as pointed out by defendant Wright, that a left-turning motorist must ascertain by careful observation that the maneuver can be executed safely and without danger to oncoming traffic[2] *875 and the burden rests on the left-turning motorist, when an accident occurs, to show his freedom from negligence.[3] Nevertheless, we conclude, as did the trial judge, that defendant Lewis was not negligent under the circumstances. Lewis testified that before executing his turn, he had waited for oncoming traffic to pass and that the nearest approaching car was at a distance of at least a block away as he executed his maneuver. He further stated that Wright’s vehicle had struck his car before hitting the truck and that at the time of contact between the two cars prior to the collision with the truck, his (Lewis’s) car was “half a foot off the highway”. This testimony forms a reasonable factual basis for the trial judge’s exoneration of Lewis from negligence.
The evidence considered, we conclude the sudden emergency in which defendant Wright found himself was not caused by the left-turning Lewis vehicle 200 feet in front of the approaching Wright vehicle, but was caused by defendant’s own failure to respond immediately to the left-turning vehicle. His failure to immediately reduce his speed was unreasonable under the circumstances and constitutes negligence on his part which was the proximate cause of the accident. Accordingly, defendant cannot avail himself of the doctrine of sudden emergency. See Hickman v. Southern Pacific Transport Company, 262 La. 102, 262 So.2d 385 (1972); Jones v. Fontenot, 341 So.2d 620 (La.App. 4th Cir. 1977).
For the reasons stated above, the judgment is affirmed.

AFFIRMED.

. In oral reasons for judgment, the trial judge stated:

. Kimball v. Landreneau, 170 So.2d 665 (La.App. 1st Cir. 1964); Washington Fire & Marine *875 Insurance Company v. Firemen’s Insurance Company, 232 La. 379, 94 So.2d 295 (1957).

. U. S. Fidelity & Guaranty Co. v. Bergeron, 148 So.2d 162 (La.App. 1st Cir. 1962).