388 So.2d 450 (1980)
Emma D. DUNN, Plaintiff-Appellant,
v.
Charles B. SNYDER et al., Defendants-Appellees.
No. 14215.
Court of Appeal of Louisiana, Second Circuit.
August 18, 1980.
*451 C. William Gerhardt, Shreveport, for plaintiff-appellant.
Mayer, Smith & Roberts by Walter O. Hunter, Jr., Shreveport, for defendants-appellees.
Before HALL, JASPER E. JONES and FRED W. JONES, Jr., JJ.
FRED W. JONES, Jr., Judge.
Emma D. Dunn sued Charles B. Snyder and his liability insurance carrier for damages sustained as the result of an automobile accident at the intersection of Hearne Avenue and Lakeshore Drive in Shreveport, Louisiana, involving vehicles owned and operated respectively by plaintiff and defendant Snyder. From a judgment rejecting her demands, plaintiff appeals, urging that the trial court erred in enunciating the legal proposition that a motorist involved in an accident while turning left at an intersection controlled by traffic lights is exempted from the standard presumption of negligence. We agree with appellant and reverse.
The record shows that on the afternoon of November 13, 1978 plaintiff was driving south on Hearne Avenue, a four lane thoroughfare that intersects with Lakeshore Drive, another four lane street. At the time Snyder was driving north on Hearne Avenue, intending to turn left onto Lakeshore Drive. The intersection of Hearne Avenue and Lakeshore Drive is controlled by electric semaphore lights. Motorists approaching the intersection who desire to turn left are afforded an extra designated inner lane for that maneuver with a traffic light sequence which includes an illumined green arrow signaling that it is safe to make a left turn. Of course, when the arrow is lighted traffic coming from the opposite direction faces a red light.
Plaintiff testified that as she approached the described intersection at a speed of less than 35 miles per hour the traffic light facing her was green. She proceeded into the intersection and was struck by Snyder's left-turning automobile. Her statement concerning the traffic light was corroborated by the testimony of two other witnesses. Charles W. Waters, Sr., then an employee of a service station located on the northwest corner of the intersection, was standing in front of the station when the collision occurred. He testified that upon hearing the noise of the impact he immediately looked up and noticed that the traffic light facing southbound motorists on *452 Hearne Avenue was green. John Woodard, who was driving west on Lakeshore Drive, had stopped on the east side of the intersection in the northernmost lane in obedience to a red light. It was his testimony that plaintiff faced a green light as she entered the intersection.
On the other hand, Snyder was positive that the light facing him as he approached the intersection from the south was green and, that, as he came to a rolling stop in the left-turn lane the green arrow was illumined. Thereupon he proceeded to turn left and was struck by plaintiff's car.
Just prior to the accident Alma Shaffer was driving out onto Hearne Avenue, planning to proceed north, from a service station situated on the southeast corner of the intersection. She testified that Snyder was facing an illumined green arrow as he started to turn left onto Lakeshore Drive.
In his oral reasons for judgment the trial judge candidly admitted that he could not resolve the contradictory versions of the accident and would decide the case on a "burden of proof" basis. He then held in essence that because this was a controlled intersection the left-turning motorist, Snyder, was not burdened by the usual presumption of negligence; that plaintiff had to prove her case by a preponderance of the evidence; and that plaintiff had failed to discharge that burden.
In this state both statutory law and jurisprudence require that the driver of a vehicle intending to turn left within an intersection yield to oncoming vehicles which are "within the intersection or so close thereto so as to constitute an immediate hazard." La.R.S. 32:104, 122: Bennett v. U. S. Fidelity & Guaranty Co., 373 So.2d 1362 (La.App. 1st Cir. 1979); City Auto Wreckers, Inc. v. Wright, 346 So.2d 873 (La.App. 4th Cir. 1977).
It was pointed out in Estes v. Hartford Accident & Indemnity Co., 187 So.2d 149 (La.App. 2d Cir. 1966) that the motorist desiring to make a left turn within an intersection must:
"... ascertain before attempting to do so that such a maneuver can be made safely and without danger or undue delay to overtaking or oncoming traffic. He must refrain from making a left turn unless the way is clear and, if a collision occurs while he is attempting such a maneuver, the burden rests heavily on him to show that he was free from negligence."
We are unable to find either statutory or jurisprudential authority for the trial judge's holding as a matter of law that the control of traffic at an intersection by semaphore lights operates to exempt a left-turning motorist from the described burden of proof. In fact, in a similar situation, this court in Allstate Ins. Co. v. State Farm Mutual Automobile Ins. Co., 320 So.2d 351 (La.App. 2d Cir. 1975) held that a motorist who claimed that he turned left because he faced a green arrow had not "borne the burden of proving that he legally preempted the intersection so as to absolve himself of negligence under the circumstances."
We hold, therefore, that as the left-turning motorist within an intersection, the defendant Snyder had the burden of proving that he was free from negligence, i. e., that he either faced an illumined green arrow or that he had preempted the intersection. Since this is a question of fact we must advert to the trial judge's expressed holding on this issue. According to his oral reasons, if the contention of plaintiff that Snyder had the burden of proving himself free of negligence were correct, then plaintiff "should win." Implicit therein is the factual conclusion that Snyder had not proved either that he faced an illumined green light or preempted the intersection when making his left turn. Since we are unable to state that the lower court was clearly wrong on this finding of fact, we are bound by it. Consequently, plaintiff is entitled to judgment against defendants for her damages.
With reference to physical injuries, plaintiff was examined on January 17, 1979, some two months after the accident, by Dr. Keith Mason who found that she had a mild *453 whiplash which would probably clear up within six to eight months. However, on March 8, 1979, Dr. A. E. Dean, Jr., an orthopedic surgeon, could find "no cause for this patient's continued difficulties with pain and discomfort. She possibly did have some cervical and lumber sprain initially and possibly some contusion about the right knee. She may have also had some slight scalp lacerations previously or superficial lacerations, but no evidence of this exists at this time." In summary, Dr. Dean found no residual difficulties.
Under the circumstances, we find that an award of $1,500.00 will adequately compensate plaintiff for her physical pain and suffering. She is also entitled to the recovery of $190.00 in medical expenses.
Although it was stipulated that plaintiff's automobile had a value of $750.00 at the time of the accident, there was no evidence that it was a total loss because of the collision with Snyder's car. Furthermore, if the vehicle was repairable, there was no testimony relating to the cost of those repairs. Consequently, there is no basis for an award for this claimed element of damage.
For the reasons stated the judgment of the trial court is reversed, and there is judgment in favor of plaintiff and against the defendants solidarily for the sum of $1,690.00, with legal interest as provided by law. All court costs, both in the lower court and on appeal, are assessed against defendants.