467 So.2d 1312 (1985)
Conrad J. ANDRIES, et al., Plaintiffs-Appellees,
v.
Gary W. MOORE, et al.
State of Louisiana, Department of Transportation and Development, Defendants-Appellants.
No. 84-312.
Court of Appeal of Louisiana, Third Circuit.
April 10, 1985.
Rehearing Denied May 14, 1985.
Ronald R. Thompson, Baton Rouge, for defendants-appellants.
Provosty, Sadler & deLaunay, David P. Spence, Alexandria, for plaintiffs-appellees.
Before DOMENGEAUX, DOUCET and KING, JJ.
KING, Judge.
This appeal involves the liability of the State of Louisiana, through the Department of Transportation and Development, for damages sustained as result of an intersectional automobile collision.
*1313 This is a suit for damages arising out of an automobile collision. Conrad J. Andries, Martha A. Freitas and Darrell L. Andries (hereinafter plaintiffs) seek damages for the wrongful death of their mother, Martha D. Andries, who was fatally injured in an intersectional automobile collision which occurred on January 18, 1979. Plaintiffs filed suit against the driver of the other vehicle, Alexandria Police Officer, Gary Moore, (hereinafter Moore), his employer, the City of Alexandria, their insurance carrier, Maryland Casualty Company, and the State of Louisiana through the Department of Transportation and Development (hereinafter DOTD). Prior to trial, only the DOTD remained in the law suit, the other defendants all having been dismissed as a result of settlements. After trial on the merits, the trial court found DOTD negligent, awarded plaintiffs damages, and reduced the award of damages by one-half by finding that Moore, with whom the plaintiffs had previously settled, was equally negligent. DOTD has timely appealed from the trial court's judgment. We reverse.

FACTS
The automobile collision occurred on January 18, 1979, at approximately 10:15 P.M., at the intersection of MacArthur Drive (U.S. 165) and Rapides Avenue (La. 496) in Alexandria, Louisiana. Sergeant Gary Moore and Patrolman Barbara Smith were in their patrol car heading north on MacArthur Drive in response to an emergency call. They approached the yellow flashing signal at the intersection of MacArthur Drive and Rapides Avenue in their marked police car with their emergency lights flashing and their siren on. Mrs. Martha Andries entered the intersection of MacArthur Drive and Rapides Avenue immediately in front of the patrol car and, as a result, a collision occurred. The Andries vehicle was turning left, or east from the inner southbound traffic lane, from MacArthur Drive onto Rapides Avenue. An accurate account of the activity of the Andries vehicle immediately prior to the accident is unavailable inasmuch as the driver, Martha Andries, and another passenger, Mrs. Connella, were killed. The other passenger, Alice Faye Connella, is mentally retarted and was unable to testify. The trial judge found from the evidence and we agree:
"The evidence from witnesses familiar with Mrs. Andries' mission and activities leading up to the accident leads the court to the conclusion that Mrs. Andries evidently approached and entered into the intersection after having turned left from the southbound lane of MacArthur Drive into Rapides Avenue. Sergeant Moore testified that, although he was not sure how the Andries' vehicle suddenly appeared before him, he felt that Mrs. Andries had turned left at the intersection."
Moore testified that the light on MacArthur Drive was flashing yellow as he approached the Rapides Avenue intersection in the inside northbound lane of traffic on MacArthur Drive. A dispute centers around whether the signal lights in the inner southbound left-turn lane on MacArthur Drive were flashing yellow or red at the time of the accident. DOTD was responsible for the operation of the signal lights at the time of the accident. Mr. Buck A. Morton, a traffic operations engineer for the Louisiana Highway Department, testified that according to the official design scheme at that intersection, the signals controlling traffic traveling north and south on MacArthur Drive should have been flashing yellow and all of the other signals including the north and south inner turning lanes on MacArthur Drive should have been flashing red. The trial judge found that the traffic signal for southbound traffic in the left-turn lane for traffic turning east at the corner of MacArthur Drive and Rapides Avenue was malfunctioning at the time of the accident. He concluded that the traffic signals were flashing yellow in all southbound lanes of MacArthur Drive causing Mrs. Andries to turn left and enter the intersection without being placed on proper notice that she should stop and yield, and, therefore, found *1314 that the traffic signal maintained by DOTD was a proximate cause of the accident.
The issues presented on appeal are:
(1) Whether the trial judge committed manifest error in concluding that the traffic light was malfunctioning; and
(2) Whether the trial judge committed manifest error by failing to find Martha Andries contributorily negligent.
In tort actions in Louisiana, the plaintiff must prove, by a preponderance of the evidence, both the negligence of the defendant and that any resulting damages were caused by the defendant's fault. This burden of proof may be met by either direct or circumstantial evidence. Proof by direct or circumstantial evidence is sufficient to constitute a preponderance when, taking the evidence as a whole, such proof shows that the facts or causation sought to be proved is more probable than not. Gums v. Delta Downs, Inc., 425 So.2d 303 (La.App. 3rd Cir.1982); Jordan v. Travelers Insurance Co., 257 La. 995, 245 So.2d 151 (La.1971), and authorities cited therein.
The law of this state requires that the driver of a vehicle intending to turn left within an intersection yield to oncoming vehicles which are so close as to constitute an immediate hazard. Our courts have consistently held that a motorist attempting a left turn is required to exercise a very high degree of care. Such a left-turning motorist, when involved in a collision, is burdened with the presumption of liability for the accident. The left-turning driver must prove that he is free from negligence to avoid liability. This burden of proof applies to the left-turning motorist whether or not the intersection is controlled by semaphore lights, including a left-turn signal. Foreman v. State Farm Mut. Auto. Ins., 416 So.2d 258 (La.App. 3rd Cir.1982); Dunn v. Snyder, 388 So.2d 450 (La.App. 2nd Cir.1980). A driver of a vehicle intending to turn left within an intersection must yield to oncoming vehicles which are within the intersection or so close thereto as to constitute an immediate hazard. LSA-R.S. 32:122; Foreman v. State Farm Mut. Auto. Ins., supra; Dunn v. Snyder, supra.
The trial judge in his written reasons for judgment concluded that the lights controlling the intersection of Rapides Avenue and MacArthur Drive were malfunctioning in that they were all blinking yellow including the signal controlling the southbound left-turn lane on MacArthur Drive. In so holding he relied completely on the testimony offered by Marshal T. Lewis, Jr., a witness, and Darrell L. Andries, a son of the decedent. An appellate court may not substitute its own version of the facts, however reasonable it may be, for that found by the trial court, unless such court committed manifest error in finding facts not reasonably supported by credible evidence in the record. For reasons hereinafter stated, we find that the trial judge committed manifest error in making a finding of fact that the traffic signal controlling the southbound left-turn lane on MacArthur Drive was malfunctioning at the time of the accident.
The trial judge relied upon the testimony of Mr. Lewis who was facing in a westbound position on Rapides Avenue at the time of the collision. He testified that when he stopped at the traffic light he looked to his left and the police car was proceeding north on MacArthur Drive with its lights flashing and the siren on. He stated that he was not sure whether the Andries vehicle, which he first saw facing him on Rapides Avenue, was moving or stationary at the time of the accident. Mr. Lewis testified that at the time of the accident the light facing him on Rapides Avenue was blinking yellow, but that after the accident the lights returned to their normal sequence (green-yellow-red). He further stated that when he drove through the intersection later that night the traffic light on Rapides Avenue was once again flashing yellow. This testimony is in conflict with the accident report prepared by Alexandria City Police Officer Paul Rutledge which was filed in evidence showing that the traffic signal facing Mr. Lewis on Rapides Avenue was flashing red after the *1315 accident. The officer's observation is further supported by the testimony of Mr. Morton who testified that when his crew checked the lights on MacArthur Drive and Rapides Avenue the morning after the accident they were operating normally. Mr. Morton further testified that when traffic controls malfunction they do not usually correct the malfunction themselves. For these reasons we cannot find credible Mr. Lewis' testimony that the traffic signal was flashing yellow for westbound traffic on Rapides Avenue at the time of the accident, returned to a normal mode immediately after the accident, and then returned to flashing yellow later on in the evening. However, whatever color light Mr. Lewis might have had facing him on Rapides Avenue at the time of the accident is not sufficient proof as to how the light in the southbound left-turn lane on MacArthur Drive was functioning at the time of the accident. The only other person to testify concerning operation of the lights at the intersection was Darrell L. Andries, decedent's son, who testified that when he left the decedent at the hospital several hours after the accident and went to the corner of Rapides Avenue and MacArthur Drive he found the traffic signal controlling the left-turn lane for traffic southbound on MacArthur Drive was flashing yellow. How the traffic signals were operating hours after the accident still is not sufficient proof as to how the traffic signals were functioning at the time of the accident. With only this evidence, we find that it was manifestly erroneous and clearly wrong for the trial court to find that the plaintiffs had met their burden of proving that the traffic signal controlling the southbound left-turning traffic lane on MacArthur Drive was not properly operating at the time of the accident. There is absolutely no evidence in the record to show how the traffic light controlling southbound left-turning traffic lane on MacArthur Drive was operating at the time of the accident. We find that the plaintiffs have not met their burden of proof to overcome the presumption of the decedent's liability for the accident, as the left-turning motorist at the intersection, by proving by a preponderance of the credible evidence that the decedent, Martha D. Andries, was free from negligence.
As we have found no liability on the part of DOTD we do not reach the question of whether the decedent, Martha D. Andries, was contributorily negligent.
For the above and foregoing reasons, the judgment of the trial court is reversed and the claims of all plaintiffs against DOTD are hereby dismissed. Plaintiffs are cast for all costs.
REVERSED AND RENDERED.