469 So.2d 352 (1985)
Edna DANIELS, Individually and on Behalf of the Minors, Kevin and Rozina Bell and Kendall Daniels, Plaintiffs-Appellees,
v.
ALLSTATE INSURANCE COMPANY, et al., Defendants-Appellants.
No. 16,966-CA.
Court of Appeal of Louisiana, Second Circuit.
May 8, 1985.
*353 Frank E. Brown, Jr., Shreveport, for plaintiffs-appellees.
Cook, Yancey, King and Galloway by Samuel W. Caverlee, Shreveport, for defendant-appellant, Allstate Ins. Co.
Mayer, Smith & Roberts by Kim Hanson LaVigne, Shreveport, for third party defendant-appellant, Great American Ins. Co.
Before MARVIN, SEXTON and NORRIS, JJ.
SEXTON, Judge.
This litigation arises as the result of an intersectional automobile collision. Plaintiff, Edna Daniels, on her own behalf and as tutrix of the three minor children who were passengers in her car, instituted suit against Robert Burns, the father of the minor driver of the other car, Katherine Burns, and his insurer, Allstate Insurance Company. Service was not obtained on Mr. Burns, and he is not a party to this suit. Allstate answered the suit and filed a third party demand against Great American Insurance Company, insurer of Mrs. Daniels. After a trial, judgment was awarded in favor of plaintiff, and the defendant Allstate appeals. Plaintiff has answered the appeal seeking an increase in quantum. We amend in part; affirm in part; and reverse in part.
At about dusk on April 30, 1983, plaintiff was turning left from the eastbound lane of the Inner Loop onto St. Vincent Avenue in Shreveport, Louisiana. Another car, driven by a minor, Katherine Louise Burns, was westbound on the Inner Loop and was turning right. As each driver attempted to negotiate her turn, a collision occurred.
The judgment appealed was in favor of plaintiff and against Allstate. Specifically, the judgment awarded $200 each for the injuries to the minors, Kevin Bell and Kendall Daniels, and $400 to the minor, Rozina Bell. For Mrs. Daniels, the court awarded $3,500 in property damage, $1,170 in loss of earnings, and medical expenses for all four of the occupants of her car in the sum of $2,383. Additionally, the judgment awarded $1,500 in general damages to Mrs. Daniels, for a total award to her of $8,553.
On appeal, Allstate specifies three errors: the trial court erred in not finding that the accident was solely caused by plaintiff's fault; the trial court erred in failing to assess some percentage of fault for the collision to plaintiff; and the trial court erred in awarding property damage without proof of that item of damages, and in awarding excessive general damages.
The intersection of the Inner Loop and St. Vincent Avenue is controlled by an electric traffic light. The Inner Loop is a broad four-lane highway. The highway also affords left turning motorists an extra inner lane from which to turn. The turn lanes are controlled by a traffic light which has a sequence including an illumined green arrow. The eastbound and westbound lanes of the Interloop are separated by a large grassy median. St. Vincent Avenue is also a four lane thoroughfare, but its lanes of travel are not separated by a median.
*354 Allstate argues that the trial court erred in failing to deny the claims of plaintiff because the accident was the sole fault of Edna Daniels, the left turning motorist.
In this state, both statutory law and jurisprudence require that the driver of a vehicle intending to turn left within an intersection yield to oncoming vehicles which are "within the intersection or so close thereto so as to constitute an immediate hazard." LSA-R.S. 32:104, 122; Bennett v. U.S. Fidelity & Guaranty Company, 373 So.2d 1362 (La.App. 1st Cir.1979), writ denied, 376 So.2d 1269 (La.1979); City Auto Wreckers, Inc. v. Wright, 346 So.2d 873 (La.App. 4th Cir.1977).
In Dunn v. Snyder, 388 So.2d 450 (La.App. 2d Cir.1980), this court held that a left turning motorist within an intersection controlled by electric semaphore lights has the burden of proving that he was free from negligence, i.e., that he either faced an illumined green arrow or that he had preempted the intersection. The Third Circuit, with reliance upon Dunn, supra, has held that such a left turning motorist, when involved in a collision, is burdened with a presumption of liability for the accident and must show he was free from negligence to avoid the imposition of liability. Gibson v. Fisher, 401 So.2d 565 (La. App. 3d Cir.1981). As stated in Dunn, this finding of whether the left turning motorist entered the intersection under the green arrow or preempted the intersection is a question of fact. Herein, the trial court expressly found that plaintiff entered the intersection under the protection of the illumined green arrow. We are unable to find that this finding of fact is clearly wrong upon the record presented, and thus we are bound by it. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
However, defendant Allstate also contends that if their argument that Mrs. Daniels was solely at fault is rejected, then the trial court erred in not assessing some percentage of negligence to plaintiff.
Plaintiff testified that when she entered the intersection she had the green arrow. Defendant testified that as she turned right, the light was green. The traffic signal inventory, however, indicates that a simultaneous green arrow and a green light on the opposite directional lanes of travel is impossible. As previously discussed, the trial court assessed the credibility of the witnesses on this issue and determined that plaintiff entered the intersection under the protection of the green arrow. According to the sequence of the signal as revealed by the signal inventory, defendant would have had a green light immediately prior to the illumination of the green arrow on the plaintiff's lane of travel. Plaintiff faced a red light prior to receiving the green arrow and upon plaintiff's lane being illumined by the arrow, defendant's light changed to red. From the totality of the circumstancesand implicit in the trial court's finding that plaintiff entered the intersection with the green arrowit is apparent that plaintiff reached the light early after it turned to the green arrow, and defendant reached the light immediately prior to or during the red interval of the light.
From the testimony, the traffic signal inventory, and police report it is clear that defendant was inattentive. It is equally obvious, after a review of the evidence showing the manner in which the collision occurred, that plaintiff was also inattentive. Visibility at the intersection was excellent and traffic was extremely light. Both plaintiff and defendant admitted that they saw the other's car as they approached the intersection.
According to defendant's testimony, the cars collided at the front bumpers, then slammed together in the area of the doors of the cars. The accident report and photos of plaintiff's vehicle corroborate defendant's account of the manner in which the accident occurred. The location of damage on the vehicles is primarily in the area of the left (defendant) and right (plaintiff) front fenders. This damage compels the observation that the cars initially collided at their respective front fenders at the headlights.
*355 The intersection is wide and open. There are no obstructions to view. In turning and traversing the wide area between the lanes, an attentive motorist would have seen that this defendant was not going to stop. Thus the circumstances of the intersection and the manner of the damage to the vehicles reveal that the accident could not have happened if either plaintiff or defendant had been attentive and seen what should have been seen. Otherwise, defendant should have struck plaintiff's vehicle at some point on the side rather than at the right headlight.
In other words, both must have been inattentive, although the defendant was in the intersection on a red light as the trial judge determined. We therefore assess the percentage of plaintiff's fault to be twenty-five percent. Consequently, plaintiff's recovery against Allstate must be reduced commensurate with her percentage of fault. Additionally, Allstate is entitled to recover on its third party demand against plaintiff and the insurer of her vehicle, Great American Insurance Company, for twenty-five percent of the judgments to the guest passengers due to the negligence of Mrs. Daniels.
In another specification of error, Allstate avers that the property damage award to plaintiff of $3,500 is not proven. We must agree. There was no evidence presented at trial as to the value of plaintiff's 1977 Oldsmobile, nor was there evidence presented to show that the car was capable of being repaired, or if repairable, what the estimated cost of such repairs would be. The only mention of the value of the automobile is the inclusion of the value as an item of damage in plaintiff's petition. Consequently, there is no basis in this record for this damage award.
With reference to the general damage awards, plaintiff argues that the awards are so low as to constitute an abuse of discretion. Conversely, appellant Allstate seeks a reduction of the awards as excessive.
The law with respect to review of a quantum award was enunciated by this court in Cutchall v. Great American Pump Company, 460 So.2d 1106 (La.App. 2d Cir.1984):
Before an appellate court can disturb a quantum award, the record must clearly reveal that the trier of fact abused its discretion in making the award. An award made in the trial court may not be modified unless it is unsupported by the record. The appellate question is not whether a different award may have been more appropriate, but whether the trial court's award can be reasonably supported by the record. Coco v. Winston Industries, Inc., [330 So.2d 649 (La. App. 3rd Cir.1975)], supra; Bitoun v. Landry, 302 So.2d 278 (La.1974); Miller v. Thomas, 258 La. 285, 246 So.2d 16 (1971); Winterrowd v. Travelers Indemnity Co., 452 So.2d 269 (La.App. 2d Cir. 1984); Black v. Ebasco Services, Inc., 411 So.2d 1159 (La.App. 1st Cir.1982), writ denied, 414 So.2d 1253 (La.1982); Greene v. Wright, 365 So.2d 551 (La. App. 1st Cir.1978). Moreover, the appellate function in reviewing quantum is limited to raising inadequate awards to the lowest amount the trial court could have reasonably awarded, and lowering excessive awards to the highest amount the trial court could have reasonably awarded. Reck v. Stevens, 373 So.2d 498 (La.1979); Coco v. Winston Industries, Inc., supra; Winterrowd, supra; Alexander v. Leger, 423 So.2d 731 (La.App. 3d Cir.1982); Greene v. Wright, supra.

The appropriate procedure for testing whether the factfinder abused its discretion by making an excessive award is to determine whether the award can be supported under the interpretation of the evidence most favorable to the plaintiff which reasonably could have been made by the factfinder. The converse of this rule is also true: in determining whether the trier of fact abused its discretion by making an inadequate award, the evidence must be viewed in the light most favorable to the defendant. Schexnayder v. Carpenter, 346 So.2d 196 (La. 1977); Wilson v. Aetna Casualty and Surety Company [401 So.2d 500 (La. *356 App. 2d Cir.1981)], supra. Further, we note the cautionary language of Reck v. Stevens, supra, to the effect that an appellate court must reach a determination that the trier of fact abused its discretion before a resort to prior awards is appropriate for purposes of determining what would then be an appropriate award.
Immediately following the collision, Edna Daniels was taken to the hospital emergency room where her back and neck were examined. Mrs. Daniels testified that there she received a shot, some medication, and was referred to an orthopedic surgeon. She sought treatment from Dr. Joseph Sarpy, Jr., a general practitioner, who gave her therapy and treated her with heat packs and shots. She also testified that she wore a cervical collar for three months and a back brace for four months. Mrs. Daniels stated that she had trouble sleeping at night and was unable to work for six weeks. The judgment complained of awarded Mrs. Daniels $1,500 in general damages. The only corroborating medical evidence contained in this record is the hospital emergency room record instructing Mrs. Daniels to rest in bed flat on her back and referring her to an orthopedic specialist. There was no medical testimony adduced to confirm the duration of her injuries, or the necessity of her having to wear the collar or brace. Considering the absence of medical evidence, and considering Mrs. Daniels' testimony that her four door Oldsmobile was knocked airborne and spun three times by the collision with an MG Midgetwhich can most charitably be described as exaggeratedwe cannot say that an abuse of discretion has here occurred.
Rozina Bell, who was fourteen years old at the time of the collision, testified that after the car wreck, her neck was so painful that she had trouble sleeping at night. She stated that sometimes she had to sleep wearing her cervical collar. She sometimes had to wear the cervical collar to school and could not participate in physical education classes. The instant judgment awarded Rozina Bell $400. The uncontradicted medical evidence shows that Rozina suffered soreness in her neck for approximately one month, and that she was required to wear a cervical collar. The medical records introduced into evidence indicate that Rozina was seen by the doctor in consultation on a weekly basis from the time of her injury until she was discharged on June 6, 1983, at which time she was having no further pain. During the period of her injury, she received therapy four times weekly. This therapy consisted of a Medco-Hydrocollator for moist heat and muscle stimulation. The doctor's report indicates that she had no permanent residual damage from her injury. We agree with plaintiff that the award is inadequate. We therefore increase the general damage award to Rozina Bell to the lowest possible award, $750.
Each of the minors, Kevin Bell and Kendall Daniels, were awarded $200 under the terms of the judgment for their injuries. Kevin Bell testified that the wreck caused his knee to hit the door of the car causing him to have to discontinue playing ball, and be unable to participate in physical education classes at school. The minor, Kendall Daniels, who was five years old at the time of the wreck, did not testify at trial. However, his mother, Patricia Daniels, testified that Kendall was still afraid of being in a car because he is afraid that another collision will occur. No medical testimony was produced relative to the injuries of the youngest two children. We cannot determine on the basis of this record that an abuse of discretion has occurred.
Accordingly, the judgment of the trial court is amended as indicated, and affirmed in part and reversed in part. The judgment is recast to read as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of EDNA DANIELS, INDIVIDUALLY, and against ALLSTATE INSURANCE COMPANY, in the sum of THREE THOUSAND, SEVEN HUNDRED EIGHTY-NINE and 77/100ths ($3,789.75) *357 DOLLARS, together with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings;
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of EDNA DANIELS, ON BEHALF OF THE MINOR, ROZINA BELL, in the sum of SEVEN HUNDRED FIFTY and NO/100ths ($750.00) DOLLARS, together with legal interest thereon from date of judicial demand until paid;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of EDNA DANIELS, ON BEHALF OF THE MINOR, KEVIN BELL, in the sum of TWO HUNDRED and NO/100ths ($200.00) DOLLARS, together with legal interest thereon from date of judicial demand until paid;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of EDNA DANIELS, ON BEHALF OF THE MINOR, KENDALL DANIELS, in the sum of TWO HUNDRED and NO/100ths ($200.00) DOLLARS, together with legal interest thereon from date of judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of third party plaintiff ALLSTATE INSURANCE COMPANY against third party defendants, GREAT AMERICAN INSURANCE COMPANY and EDNA DANIELS in the sum of TWO HUNDRED EIGHTY-SEVEN and 50/100ths ($287.50) DOLLARS, together with legal interest from judicial demand until paid.
All costs herein are to be borne one-fourth by plaintiff and three-fourths by defendant.