FORET, Judge.
This is a “trip and stumble” case in which plaintiff, Edward H. Martin, alleges he sustained back and groin injuries as a result of the negligence of Mark Clark, himself a defendant, one of the employees of defendant, Country Pride Foods, Inc.[1]. The trial court ruled that plaintiff was not injured on October 4, 1983, and dismissed his suit at his costs. From that ruling this appeal ensued.
FACTS
Martin was a U.S. Department of Agriculture inspector, a civil service job, at the time of the alleged “trip and stumble” on October 4, 1983, at Country Pride’s poultry processing plant in Natchitoches Parish, Louisiana. Plaintiff’s job required that he enforce the observation of and compliance with the rules and regulations set forth for the slaughtering, cleaning, and packaging of poultry for sale and ultimate consumption by the general public.
In the course of processing mass quantities of chickens daily, large amounts of waste materials are produced. Low pressure water hoses are used liberally to expedite the cleaning of the concrete floors, walls, stainless steel tables, and other equipment in the plant. Trench-type slots having vertical walls and which gently slope toward deeper drains are purposely constructed in the floors of the building. Those slots are covered with horizontal steel covers which fit over the trenches, flush with the floor.
At certain intervals, Country Pride employees, whose job it is to wash waste down the drain, completely wash down the work areas with the low pressure hoses. The debris is then pushed into the floor trenches by the force of the water. Federal inspectors such as Martin monitor the cleanup process to assure compliance with Department of Agriculture guidelines. The steel covers over the trenches are heavy (approximately 75 pounds), but can *276 be lifted out of the drain if required. The easiest method of moving the steel covers is to lift one end a few inches and slide it in the slot in whichever direction the worker wants to move it.
Plaintiff alleges that he was walking from one area of the work floor to another, when he arrived at one of the long trenches. He states that as he tried to cross the steel cover, and had stepped over it with one foot and was in the process of moving the other foot, he tripped on a drain cover and stumbled. He claims that Mark Clark lifted the drain cover as he was stepping over it. No one disputes the fact that plaintiff did not completely fall. However, other defense witnesses dispute plaintiff’s version of the incident.
Defendants allege that plaintiff did not stumble, or, if he did stumble, that none of their employees caused the stumble. Furthermore, they plead that if there was such a stumble, plaintiff was either completely at fault or at least partially at fault. Additionally, defendants contend that in the event there was such a stumble, plaintiff did not sustain any compensable injury and, if he did stumble and did sustain any injury, he has not sustained any compensa-ble loss because he has since received a civil service promotion at a higher salary. Defendants correctly point out that plaintiff had suffered numerous injuries and has complained of many medical problems for numerous years. Defendants argue that the stumble of October 4, 1983 had nothing whatsoever to do with any of plaintiff’s complaints of pain or injury.
Defendants allege that plaintiff was not injured because he did not seek medical treatment for six months post-accident. However, the record reflects that on October 6, 1983, two days after the incident, plaintiff was examined by Dr. Dan J. LeFl-eur, a U.S. Air Force Major at Barksdale Air Force Base in Bossier City, Louisiana. Dr. LeFleur did not testify at trial nor does the record explain why his testimony was not sought. However, his records were introduced and the doctor noted that plaintiff “complained of back injury” and ... “injured back two days ago.” The trial court found a legal presumption applicable in this case since the witness’s testimony was not forthcoming, it was unfavorable to the plaintiff.
Plaintiff next sought medical attention over six months later, on April 11, 1984, from Dr. Dennis Brown. Dr. Don H. Burt, Dr. Thomas A. Edwards, and Dr. Robert G. Callahan saw plaintiff at a later date. Dr. Callahan performed hernia surgery on plaintiff in May of 1984. Dr. Burt saw plaintiff on referral by Dr. Brown on August 3, 1984. Dr. Edwards first saw plaintiff on June 14, 1985. Plaintiff neglected to tell any of these doctors of his numerous previous complaints, dating back twenty-five years and forward.[2]
Although plaintiff incurred various medical expenses for medical consultations, hernia surgery, and the usual expenses connected with treatment, all bills were paid by the Veterans Administration or the Air Force. Plaintiff himself has never paid any of these medical bills, nor has anyone intervened in the suit for recovery of the medical bills paid. Consequently, it has not been proven that plaintiff owes any medical bills as a result of the incident of October 4, 1983, nor is there any proof that he will incur future medical expenses attributable ■to the alleged incident of October, 1983.
INJURED OR NOT
The issue of whether or not plaintiff was actually injured as a result of the October, 1983 incident is a question of fact. A court of appeal cannot substitute its own factual version, however reasonable, for the trial court’s factual findings, unless manifest error is found in the trial court’s findings, i.e., facts which are not reasonably supported by credible evidence in the record. Andries v. Moore, 467 So.2d 1312 (La.App. *277 3 Cir.1985), writ denied, 474 So.2d 1305 (La.1985). We find no manifest error in the record. The trial court was in a better position to assess the credibility of the witnesses’ testimony. We are unable to say that the trial court erred in finding that plaintiff was not injured as a result of the October, 1983 incident.
DECREE
For the foregoing reasons, we affirm the judgment of the trial court dismissing plaintiff’s suit. Costs of this appeal are assessed against plaintiff.
AFFIRMED.

. Travelers Insurance Co., the liability insurer of Country Pride, was named as an additional defendant.

. In October, 1985, plaintiff was struck by a forklift truck while working. He was "nearly knocked down.” However, this accident is not related to the first incident in any manner. The list of plaintiffs numerous injuries and symptoms is too lengthy to include. Furthermore, it would serve no useful purpose to list such physical problems. Suffice it to say that plaintiffs medical history casts doubt on his allegations of an injury in October of 1983.