FRED W. JONES, Jr., Judge.
An oncoming motorist and her husband sued a left-turning motorist and his insurer for damages sustained as the result of an intersectional collision. Judgment was rendered assessing the negligence of the defendant motorist at 25% and that of the plaintiff motorist at 75% and, accordingly, calculating plaintiff’s damage award on that basis.
Plaintiffs appealed, contending the trial judge erred in assessing the plaintiff motorist with 75% of the fault and in failing to award plaintiff husband damages for loss of consortium. Defendants also appealed, asserting trial court error in assessing defendant motorist with any negligence.
At about 6:30 o’clock P.M. on October 15, 1984, Mrs. Harper was driving north on U.S. Hwy. 165 in Ouachita Parish, approaching the intersection with Finks Hideaway Road. At the same time Robinette was driving south on U.S. Hwy. 165, approaching the same intersection, preparing to turn left onto Finks Hideaway Road.
In the described area U.S. Hwy. 165 is a four lane highway with a 40 foot median separating the two northbound lanes from the two southbound lanes. Finks Hideaway road is a two lane road running east from its intersection with U.S. Hwy. 165. The intersection is controlled by a series of electric traffic lights. U.S. Hwy. 165 provides left-turning motorists with an extra inner lane from which to turn. These turn lanes are controlled by a traffic light, the sequence of which includes an illuminated green arrow. When it turns from red, the *1284 arrow stays green for 7 seconds while northbound traffic faces a red light. The turn arrow then has 3-5 seconds of yellow before it changes to red. At that time traffic going north has a green light.
Robinette testified that he approached the intersection of U.S. Highway 165 and Finks Hideaway Road, pulled into the left-turn lane, and waited for the left-turn arrow (which was on red) to change to green. A few seconds thereafter the arrow turned to green and he began his left turn. Robi-nette said that he observed the Harper vehicle coming, at a distance of some 150 yards, but assumed it would stop. As the front of his car entered Finks Hideaway Road, it was struck broadside by the Harper automobile.
Mrs. Harper testified that about one-half mile from the intersection in question she stopped for a red light at the intersection of U.S. Hwy. 165 and West Elmwood. When the light turned green she resumed her travel, going at a speed of some 50 miles per hour in the right outside lane to the Finks Hideaway intersection. She observed that the traffic light facing her was red and applied her brakes. Immediately thereafter her traffic light changed to green and she accelerated her car, colliding with the right front fender of the Robinette vehicle.
The Monroe Police Department officer who investigated the accident testified that he observed the traffic light at the intersection go through two cycles and it appeared to be functioning properly. He also noted that there was nothing at the intersection to obstruct the vision of the motorist.
Although their testimony concerning the traffic light at the intersection was conflicting, in written reasons for judgment the trial court found both Mrs. Harper and Robinette to be “extremely believable witnesses.” Unable to determine which driver faced a green light, the trial judge based his decision on “what it believes reasonable, prudent drivers should do faced with the situation each of them encountered taking their statements as being totally true and correct.” He proceeded to assess the fault of Mrs. Harper at 75% and that of Robinette at 25%.
Our statutory law mandates that the driver of a vehicle intending to turn left within an intersection yield to oncoming vehicles which are “within the intersection or so close thereto as to constitute an immediate hazard.” La.R.S. 32:104, 122. The jurisprudence has consistently held that a left turn is one of the most dangerous maneuvers a motorist may execute and requires the exercise of great caution. Ebey v. Coggins, 474 So.2d 1352 (La.App.2d Cir.1985); Dunn v. Snyder, 388 So.2d 450 (La.App. 2d Cir.1980).
In view of the heavy burden placed by our law on the left-turning motorist, and the trial court’s inability to determine whether Mrs. Harper faced a red light, we conclude the trial judge was clearly wrong in assessing plaintiff motorist with 75% of the fault for this accident. For factors to consider in assessing fault see Watson v. State Farm, 469 So.2d 967 (La.1985). Also see Mart v. Hill, 505 So.2d 1120 (La.1987).
After reviewing the above described facts of this accident, we assess the fault of Mrs. Harper at 25% and that of defendant Robinette at 75%.
As to the plaintiff husband’s contention the trial court erred in failing to award him damages for loss of consortium, the record evidence does not justify an award for this item.
No party questions the amount of the damage award.
For the foregoing reasons, we amend the trial court judgment to fix the fault of defendant, Charles O. Robinette, at 75% and that of plaintiff, Kristin Harper, at 25% and order that there be judgment in favor of plaintiff, Kristin Harper, and against defendants, State Farm Mutual Automobile Insurance Company and Charles O. Robi-nette, in solido, in the sum of $45,356, with legal interest thereon from judicial demand until paid, and that court costs, both in the trial court and on appeal, be assessed to 75% to defendants and 25% to plaintiff.
As amended, the district court judgment is affirmed.
*1285 ON APPLICATION FOR REHEARING
Before JASPER E. JONES, FRED W. JONES, SEXTON, LINDSAY and HALL, JJ.
Rehearing denied.