DOUCET, Judge.
The sole issue on appeal is whether the trial court erred in awarding plaintiff $3,750.00 in general damages and $604.00 in special damages. After a careful review of the record we find that the answer to this inquiry is in the negative.
On December 19,1985, the plaintiff, Timothy Johnson, a seventeen year old student, was driving a car in Alexandria and his vehicle was struck from behind by a garbage truck.
On December 20, 1985, plaintiff went to Dr. Edward Norton’s office complaining of nausea, dizziness, headaches, as well as pain in the neck and mid and lower back regions. After x rays were taken, Dr. Norton further examined plaintiff and found some impairment of flexion and rotation over the cervical muscles. Dr. Norton also *138 found spasms present. The same was true of the lumbar region. After reviewing the x rays, Dr. Norton opined that they were negative, and diagnosed Mr. Johnson’s condition as an acute cervical, thoracic and lumbar strain.
Dr. Norton prescribed a cervical collar for Mr. Johnson, along with muscle relaxants and analgesics. He also received Med-co Sonulator treatments to his neck, shoulder and mid and lower back. Mr. Johnson visited Dr. Norton twelve times between the accident and February 17, 1986.
Dr. Norton’s testimony, introduced by way of deposition, stated that Mr. Johnson did have pain during the period of treatment, and that this pain dissipated as the treatments progressed. Dr. Norton also stated that Mr. Johnson would have continued problems with his injuries from time to time, and that further treatment would not remedy the situation. However, Dr. Norton opined that plaintiff will suffer no residual disabilities and can go about his normal activities.
At the trial of the matter on May 14, 1987, plaintiff testified that he continued to have back pain up until March of 1987. This continued pain caused him to miss several days of school.
The trial court awarded Mr. Johnson $3,750.00 for past and future pain and suffering, and $604.00 in medical expenses.
The trial court, as the trier of fact, is allowed great discretion and deference with respect to its assessment of general damages, which in this case, is the award of pain and suffering. An award of damages cannot be disturbed unless the record clearly reveals that the trier of fact abused its great discretion. Ponder v. Groendyke Transport, Inc., 454 So.2d 823 (La.App. 3rd Cir.1984) writ denied 457 So.2d 1195; Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977).
The trial court accepted Dr. Norton’s testimony with respect to the fact that Mr. Johnson was suffering from an acute cervical, thoracic, and lumbar strain. The injuries, consistent with Dr. Norton’s testimony, involved pain that continued past the time Mr. Johnson was released by Dr. Norton.
The appellant cites Daniel v. Allstate Ins. Co., 469 So.2d 352 (La.App. 2nd Cir.1985) for the proposition that the plaintiff could have only been awarded $1,500.00 in general damages. In that case, the plaintiff, Mrs. Daniels, suffered neck and back injuries due to an automobile accident. The trial court awarded her $1,500 in general damages, and this was upheld on appeal. The Court of Appeal noted that no medical testimony was adduced to confirm the duration of Mrs. Daniel’s injuries or the necessity for medications. The only medical evidence in the record that corroborated Mrs. Daniel’s testimony, was the hospital emergency room record instructing Mrs. Daniels to rest in bed, and referring her to an orthopedist. Daniels, supra, at 356.
In the instant case, there is a treating doctor’s deposition corroborating the plaintiff’s testimony regarding future and past pain. The deposition also documents the doctor’s diagnosis of acute strains and the use of medication. Thus, the two cases are distinguishable upon their facts. In Daniels, the court quoted from Coco, supra, stating:
“The appellate question is not whether a different award may have been more appropriate, but whether the trial court’s award can be reasonably supported by the record. Daniels, supra, at 355.”
We further note that no two cases are alike, and that it is not appropriate to place too much emphasis on the reported decisions and the awards in those cases. Coco, supra, at 335. While the appellant cites several cases, the appellee directs our attention to other cases that clearly show the trial court did not abuse its great discretion in awarding such a sum. See Signorelli v. Jones, 483 So.2d 672 (La.App. 5th Cir.1986); Robichaux v. Cade, 357 So.2d 849 (La.App. 4th Cir.1978). Thus, we will not disturb the lower court’s findings on appeal.
The appellee answered the appeal seeking additional damages in conjunction with LSA-C.C.P. art. 2164 for frivolous appeal. That claim is denied.
*139 For the reasons assigned, the judgment appealed is affirmed at the appellant’s costs.
AFFIRMED.
FORET, J., concurs in part and dissents in part with written reasons.